### No. 2736

### Second Circuit

---

## HEMLER v. DUNCAN; J. G. McCORMICK,

### Intervenor

---

(Jan. 28, 1927. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Alienation—Par. 21; Bills and Notes—Par. 127.**

"The owner and holder of a series of concurrent mortgage notes who sells one of them, cannot compete with the purchaser thereof in the distribution of the proceeds of a sale of the mortgaged property under executory process provoked by the vendor on the other notes. It would be contrary to good faith that the vendor of a claim, after receiving the price of it from the

assignee, should, by his own act, prevent the latter from recovering the sum he has paid."

Salzman vs. His Creditors, 2 Rob. 243; In re. Ellington Planting Co., 131 La. 654, 60 South. 25.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Richland. Hon. John R. McIntosh, Judge.

Action by John A. Hemler against Alex Duncan.

There was judgment for intervenor, and plaintiff appealed.

Judgment affirmed.

George Wesley Smith, of Rayville, attorney for plaintiff, appellant.

Thompson & Berry, of Winnfield, attorneys for intervenor, appellee.

## STATEMENT OF THE CASE.

REYNOLDS, J.   John A. Hemler sold to Alex Duncan eighty acres of land for the price of $4432.00, of which $400.00 was paid in cash and the balance was represented by ten promissory notes, all signed by the purchaser; drawn payable to his own order and by him endorsed in blank, all dated November 4, 1918, due respectively, in one, two, three, four, five, six, seven, eight, nine and ten years after their date, all bearing interest at the rate of eight per cent per annum from maturity until paid and all stipulating payment of ten per cent attorney's fes if collected by law or placed in the hands of an attorney for collection after maturity, and all secured by vendor's privilege and special mortgage on the property sold.

The plaintiff, Hemler, sold and delivered the first maturing of the notes to intervenor, J. G. McCormick, without marking it paid.  Subsequently, Hemler sued out executory process against Duncan on the second, third, fourth, fifth and sixth maturing of the notes and asked that, as to them, the property be sold for cash and, as to the seventh, eighth, ninth and tenth maturing of them that it be sold on a credit, the purchaser to assume the payment of them as part of the price.

But meanwhile the defendant, Duncan, had failed to pay the taxes assessed against the property for the years 1922 and 1924, and McCormick, for the protection of his security, paid the taxes for both years, amounting, those for 1922 to $53.25, and those for 1924 to $68.14, and took from the sheriff and tax collector subrogations of the mortgages of the state and other taxing authorities on the property for the payment of the taxes.  These subrogations were duly recorded in the mortgage book.

The property was sold by the sheriff under the order of seizure and sale and bought by the plaintiff Hemler for a price equal to $1,000.00 and the amount owing on the four unmatured notes, the payment of which notes he assumed.

Before the distribution of the proceeds of sale intervenor McCormick intervened in the executory proceedings, setting up the purchase by him from Hemler of the first maturing of the notes given by Duncan in part payment for the property, and the payment by him for the protection of his security of the taxes assessed against the property for the years 1922 and 1924, and of the subrogation of himself to the mortgages of the state and other taxing authorities on the land for the payment of the taxes, and asked that he be paid the amount owing on the note and tax subrogations owned and held by him, in principal, interest and attorney's fees and the costs of his intervention, by

preference and priority over the plaintiff, Hemler.

Plaintiff, Hemler, answered the intervention and denied that intervenor, McCormick, was entitled to be paid the amount represented by the note held by him or the amount of the taxes on the property for the year 1922, in preference to plaintiff; alleging that the note was sold and delivered by him to intervenor under an express agreement that it should not compete with the nine other notes in the distribution of the proceeds of the sale under foreclosure of the mortgaged property, and also alleging that intervenor paid the taxes for 1922 under an agreement between him and plaintiff whereby in consideration of his doing so, plaintiff permitted defendant, Duncan, to move back on the mortgaged property and have the use thereof for the year 1923. As to the taxes for the year 1924, plaintiff admitted that intervenor was entitled to be paid the amount thereof and interest thereon out of the proceeds of the sale by priority over plaintiff's own claim.

On these issues the case was tried and there was judgment in favor of the intervenor and against the defendant for the amount of the principal, interest and attorney's fees represented by the note held by intervenor, and also for the additional sum of $121.39 with legal interest and penalties represented by the tax subogation held by intevenor, and also judgment in favor of the intervenor and against the plaintiff, decreeing his judgment superior in rank and privilege to the claim of plaintiff and entitled to be paid out of the proceeds of sale in preference and priority to the claim of the plaintiff.

The plaintiff, A. J. Hemler, appealed.

## OPINION.

The questions to be decided in this case are issues of fact, namely, whether intervenor purchased the note without condition, or, as contended by plaintiff, under an express agreement that it should not compete with the nine other notes in the distribution of the sale under foreclosore of the mortgaged property; and whether intervenor paid the taxes for the year 1922 under an agreement between him and plaintiff, whereby in consideration thereof plaintiff permitted the defendant, Duncan, to move back on the mortgaged property and have the use thereof during the year 1923.

The plaintiff, Hemler, testified that there were such agreements, and the intervenor, McCormick, testified, equally positively, that there were not. Mr. Hemler's testimony is not corroborated by that of any other witness. Mr. McCormick's testimony is corroborated by the fact that the note was turned over to him without being marked paid and without any limitation or condition being written on it. It is further corroborated by the testimony of Mr. T. J. Mulhern, cashier of the Bank of Alto, to the effect that that bank held the note in question for collection for Mr. Hemler and that Mr. Hemler told him to release the note to Mr. McCormick, but not to mark it paid.

Besides this, the trial judge who saw and heard the witnesses testify and probably know them personally, gave full weight and credit to the testimony of the intervenor, McCormick.

We are convinced that his finding is correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.