No. 2731

Second Circuit

DUPUY v. ADAMS

(February 24, 1927. Opinion and Decree.)
(April 8, 1927. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on matters of fact, namely, negligence and the quantum of damages, being clearly correct, is affirmed.

Appeal from the City Court of the City of Shreveport, Louisiana. Hon. D. B. Samuel, Judge.

Action by Joe D. Dupuy against G. M. Adams.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Harry V. Booth, of Shreveport, attorney for plaintiff, appellee.

Crow & Coleman, of Shreveport, attorneys for defendant, appellant.

ODOM, J.  This suit grows out of an automobile collision which took place at the intersection of Gilbert and Columbia streets in the city of Shreveport. Both cars were damaged.

Alleging that the driver of defendant's car was grossly negligent, plaintiff claims $300.00 damages.

Defendant, alleging gross negligence on the part of plaintiff in the operation of

his car, denied liability and reconvened for $300.00; $125.00 damage to his car and $175.00 injury to his minor daughter who was driving the car.

The lower court decided for plaintiff and awarded him $163.25.

Defendant appealed.

## OPINION

Only questions of fact are involved.

Plaintiff alleged and swore that he was driving at a moderate rate of speed—about fifteen miles per hour—going east on Columbia street; that upon his entering into the intersection of Columbia with Gilbert street he saw defendant's car, driven by defendant's daughter, approaching rapidly from the north down Gilbert street; that he was on the right-hand side of the street; that he entered the intersection first; and that after he passed the center line of the intersection about six feet, Miss Adams, driver of defendant's car, veered to the left and struck his car, knocking it some twenty feet over on the curb on the southeast corner of the intersection.

His testimony as to the speed at which he was driving is corroborated by that of Mr. Logan, who was riding on the seat with him, although Mr. Logan could not say positively as to the exact speed.

His testimony as to where and how defendant's car hit his is corroborated by that of Mr. Logan and other witnesses.

According to defendant's theory, plaintiff was driving at a very rapid rate—twenty to thirty miles an hour—was on the wrong side of the street and was in-toxicated. The testimony as a whole does not support either point. The physical facts show that plaintiff was driving on the proper side of the street. Mr. Todd and Mr. O'Neal testify that they smelled liquor on defendant's breath and that he acted as though he was intoxicated. Other witnesses, among them Mr. Logan, who was a passenger for hire on plaintiff's car and who sat on the seat with him, and one witness who said he would not agree to be a witness for plaintiff until plaintiff convinced him he was sober, and others, said plaintiff was not drunk.

So far as the testimony discloses, there is no ordinance making either street at that point a "right-of-way street".

Plaintiff, according to a preponderance of the evidence, entered the intersection first, and, therefore, had the right of way.

Johnston vs. Worley, 3 La. App. 675.

Spainhour vs. Dulaney, 5 La. App. 429.

There is evidence that Miss Adams was running at a rapid rate of speed, and that is borne out by the fact that her car ran against that of plaintiff and shoved it some twenty feet and landed it over on the curb.

While the testimony is conflicting and in many respects not very clear, there is ample testimony to support the finding of the lower court, both as to the question of negligence and as to the quantum of damages.

We cannot say that the judgment is manifestly erroneous. It is therefore affirmed, with costs.