(77 South. 777)

No. 22766.

KENNEDY v. NEW ORLEANS RY. & LIGHT CO.

(Jan. 28, 1918.)

*(Syllabus by the Court.)*

1. CONSTITUTIONAL LAW &⇒314.— DAMAGES &⇒206(6, 8)—PERSONAL INJURY—PHYSICAL EXAMINATION — EFFECT OF REFUSAL — DUE PROCESS OF LAW.

In a civil action in damages for personal injuries, the trial judge has no authority to require the plaintiff to submit to a physical examination by experts to be called as witnesses for defendant; but, on the other hand, the jury and trial judge cannot reach a legal verdict and judgment against the defendant in such case upon an ex parte version of injuries of the nature and character of which only the plaintiff and the witnesses selected by plaintiff are permitted to become informed; for, if defendants in such cases can be condemned upon that basis, they will always be at the mercy of the plaintiffs, who have only to complain of injuries not visible outside of their clothing, produce themselves and their own selected witnesses to testify to them, and sit tight, with no fear of possible contradiction. Such a proceeding, however, fails to furnish the principal element in due process of law, to wit, a hearing, and ordinarily would be dismissed, since a court cannot well place a value on ex parte testimony.

2. APPEAL AND ERROR &⇒1151(1)—JUDGMENT FOR DAMAGES — EX PARTE TESTIMONY — JUDGMENT SUBJECT TO REHEARING.

Where, on appeal from a judgment awarding damages for personal injuries, defendant, though admitting that·plaintiff is entitled to recover, contends that the award is excessive, and asks that it be reduced, without, however, fixing a definite amount to be awarded, and where, by reason of the refusal of the plaintiff to submit to a physical examination by experts to be called as witnesses on behalf of defendant, the court is of opinion that a judgment fixing any amount can be rendered only in so far as it may be acquiesced in by both parties, the court, with a view of possibly facilitating the termination of the litigation, may fix an amount, subject, of course, to the right of either litigant, or both, to apply for a rehearing.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Mrs. Alice Kennedy against the New Orleans Railway & Light Company. Verdict and judgment for plaintiff, and defendant appeals. Judgment amended by reducing amount of award, and, as amended, affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant. L. E. Hall and Paul A. Sompayrac, both of New Orleans, for appellee.

Statement of the Case.

MONROE, C. J. Defendant prosecutes this appeal from a verdict and judgment condemning it to pay plaintiff $6,000 as damages for personal injuries alleged to have been sustained, through the fault of defendant, whilst she was a passenger upon one of its

cars. It is admitted that the car in which she was riding was negligently backed into by another of defendant's cars, and that, "if plaintiff was injured, she should recover such damages as she did actually sustain."

It appears from the evidence that plaintiff, with her husband and children, lives between Harvey and Gretna, on the west side of the river; that they came over upon Mardi Gras night, 1916, to see the parade, and, returning, took a car to the foot of Jackson avenue, with the intention of there taking the ferry; that when the car reached its destination and stopped they arose from their seats, preparatory to getting out, and just then that another car, which had been standing about a car length away, backed into the car occupied by them, producing a jolt which caused plaintiff to fall to her hands and knees in the aisle. She sued for $15,000 as damages, and has answered the appeal, praying that the amount allowed by the jury be increased to that amount. She alleges in her petition that her left knee was wrenched and injured, and was and is enlarged and partially ankylosed, and that she sustained "a fracture of the ilia-sacrum, concussion of the spine, and a wrenched back," to which are added allegations descriptive of the distressing and permanent character of the effects of the injuries thus set forth, concerning which one of her attending physicians testifies as follows (referring to the injury to the knee), to wit:

"She has a hypertrophic arthritis. I will explain that by saying the word 'arthritis' means a thickening condition. She also had a loose cartilage; the semilunar cartilage was loose on the outer side of the joint. * * * A loose semilunar cartilage acts on the same principle in the joint as a wedge would in a door jam, a loose wedge. She may walk along, for instance, a mile or two and not have any effect, and then, the joint being thicker on one edge than on the other, it would throw itself on the inside of the joint and likely throw the patient down."

Referring to the other injury, he says:

"I found the sacroiliac joint was not normal, from the fact that it had a certain amount of movability about it. * * * There was a loose joint. * * * She could get around and walk around, but she would have pain in her back, in that joint. It is of a permanent character."

It further appears that, a few weeks after the accident, Dr. Wymer, a physician selected by defendant, was permitted to make a partial physical examination of plaintiff in the presence of her attending physician, which was prevented from being thorough by reason of plaintiff's complaints of her sufferings, and that, though the complaints referred to her knee and back, the witness was unable to discover any indication of injury to those members. Thereafter there was some correspondence between the counsel in regard to a compromise, but with no result, after which this suit was instituted, and there was further correspondence on the same subject, in which the counsel for the railway company made the request that plaintiff submit to another examination by a specialist named by them, which request counsel for plaintiff consented to grant, but only on condition that the testimony of the specialist should not be used in defense of this suit, and, the condition not being accepted, the examination was not permitted. On the trial of the case, plaintiff's attending physicians and a surgeon specially called for the occasion testified in her behalf, upon the basis of examinations made by them, and counsel for defendant on one occasion asked that the court direct that an examination be made by a physician appointed by it, which request does not appear to have been acted on, and on another occasion requested that plaintiff submit herself to an examination "by a physician of the railway company, in company with one named by the court, to be examined as to her nervous condition and to take X-ray pictures of her knee and back, if necessary," which request was denied on the ground that the court was without authority to order such an examination.

### Opinion.

[1] We find no fault with the ruling of the trial judge to the effect that he was without authority to require plaintiff to permit an examination of her person; but, on the other hand, we do not see how the jury and the judge could reach a legal verdict and judgment against the defendant upon an ex parte version of physical injuries, of the nature and character of which plaintiff permitted only the witnesses selected by herself to become informed; for, if defendants in such cases can be condemned upon that basis, they will always be at the mercy of the plaintiffs, who have only to complain of injuries not visible outside of their clothing, produce themselves and their own selected witnesses to testify to them, and sit tight, with no fear of possible contradiction. Such a proceeding, however, fails to furnish the principal element required in due process of law, to wit, a hearing, and ordinarily would be dismissed, since a court cannot well place a value upon ex parte testimony. In the instant case, it is admitted that plaintiff is entitled to recover damages to some amount. Counsel for defendant was understood, by some members of the court, to say, or intimate, in the oral argument, that an award of $2,500 would be satisfactory; by other members, that $3,000 would meet with no complaint. In their supplemental brief they say:

"We urge that the verdict should be reduced, and stated that we would have been willing to recommend the payment of $2,500; of course, our willingness to recommend that figure would have depended upon the report of the physician who might make the examination on behalf of the company."

The closing language of the brief reads:

"In conclusion, we submit that, in this case, there should be a substantial reduction of the verdict and judgment thereon based, and we so pray."

[2] The concluding paragraph of the original brief, reads:

"The award herein should be materially reduced, and we pray that the judgment appealed from be reduced by at least $4,000."

From all of which we infer that defendant's counsel is willing that the court should reduce the award made by the trial court to an amount not definitely fixed by them; and hence to be determined, within limits, by this court. Plaintiff's counsel, on the other hand, contend, not only that they are entitled to judgment on the record as it stands, but that the award, as made, should be increased to $7,500. For the reasons which have been stated, however, we are of opinion that they are entitled to an affirmance of, or increase in, the award made by the trial court only to the extent to which defendant may acquiesce therein, and that, if the amount thus arrived at is not satisfactory, they must abide by a judgment remanding the case or dismissing it as in case of nonsuit.

Under the circumstances thus disclosed, and with a view of possibly facilitating the termination of the litigation, we have concluded to reduce the amount awarded by the judgment appealed from $6,000 to $3,000, leaving the matter open, of course, to an application for rehearing by either or both of the litigants.

It is therefore ordered that the judgment appealed from be amended by reducing the amount of the award from $6,000 to $3,000, and, as amended, affirmed; the costs of the appeal to be paid by plaintiff.