BAILEY v. FISHER

——

(June 24, 1929. Opinion and Decree.)

——

Wm. Winans Wall, of New Orleans, attorney for plaintiff appellee.

Gordon Boswell, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff, while standing on the sidewalk at the corner of Carondelet street and Jackson avenue, at about 10 o'clock in the morning, was run into, and knocked against an iron fence, by an automobile driven by defendant. The automobile skidded, mounted the sidewalk, and struck defendant when he was near the property line. He brings this action in an effort to recover reimbursement for his personal injuries, for which he claims $5,663, and for the value of his trousers, which were ruined, and the loss of an umbrella, which was destroyed. For these last mentioned items he claims $13.50. His total claim, therefore, is for $5,676.50.

Defendant, in his answer, admitted the occurrence, but denied responsibility therefor, contending that the path of his automobile, while he was entirely free from fault or negligence, was suddenly crossed by a truck, and that the necessary and proper application of his brakes caused his car to skid and swerve and mount the sidewalk, on which plaintiff was standing.

Prior to the trial in the court below, defendant caused his physician to call on plaintiff for the purpose of making a physical examination to determine the extent of the injuries. Plaintiff, apparently through misunderstanding, refused to allow the physical examination to be made.

At the trial, defendant's counsel objected to the introduction of any medical testimony by plaintiff's physicians, contending that, under the doctrine announced by our Supreme Court in Grant vs. N. O. Ry. & Light Co., 129 La. 811, 56 So. 897, and in Kennedy vs. N. O. Ry. & Light Co., 142 La. 879, 77 So. 777, such testimony, in view of plaintiff's refusal to submit to an examination by defendant's physician would have been ex parte, and therefore inadmissible.

The trial judge, following the pronouncements in the two cases referred to, maintained the objection and excluded the testimony. Accordingly there is in the record no testimony or evidence as the extent of plaintiff's physical injuries. That this ruling of the trial judge is correct and in accordance with the doctrine announced in the cases referred to is manifest. In the Kennedy case the court said:

"We find no fault with the ruling of the trial judge to the effect that he was

without authority to require plaintiff to permit an examination of her person; but, on the other hand, we do not see how the jury and the judge could reach a legal verdict and judgment against the defendant upon an 'ex parte' version of physical injuries, of the nature and character of which plaintiff permitted only the witnesses selected by herself to become informed; for, if defendants in such cases can be condemned upon that basis, they will always be at the mercy of plaintiffs, who have only to complain of injuries not visible outside of their clothing, produce themselves and their own selected witnesses to testify to them, and sit tight, with no fear of possible contradiction. Such a proceeding, however fails to furnish the principal element required in due process of law, to-wit, a hearing, and ordinarily would be dismissed, since a court cannot well place a value upon 'ex parte' testimony."

As there was before the trial court no evidence as to physical injuries, judgment as in case of non-suit was rendered. From that judgment of non-suit defendant has appealed.

Plaintiff, seemingly realizing that the exclusion by the trial judge of the "ex parte" medical testimony was correct, has not answered the appeal, but instead has, we are told, tendered himself to defendant for examination by his physician, and has filed a new suit.

Defendant's counsel admits in oral argument that, under the facts such as appear here, so far as liability is concerned the doctrine of "res ipsa loquitur" is applicable, and that, as a result of that doctrine the burden of disproving negligence is upon defendant, and that he has not attempted to sustain that burden. It is quite evident that an automobile has no place on a city sidewalk. Therefore a pedestrian who is walking or standing on a sidewalk is under no obligation to take precautions against automobiles, and, in a suit for damages under such circumstances as are presented here, need do no more than show that the automobile struck him while he was standing or walking in a safe position upon the sidewalk. Defendant, who seeks to avoid liability, must then show affirmatively that the fault was in some one else, and not in him. This defendant has failed to do. It follows that he is responsible for such losses as have been proven.

Since the loss of the umbrella and the damage to the trousers have been proven, it is manifest that defendant is not entitled to a definitive judgment dismissing the suit. Defendant's attorney concedes this, but argues that he is entitled to a judgment against him for $13.50, the value of the articles mentioned.

Defendant is thus in the attitude of asking, on appeal, for a more onerous judgment against himself than was rendered against him below.

It is manifest that the items mentioned are inconsequential and trivial, and that the real purpose of the suit was to recover for the physical injuries. Since there is no evidence in the record proving any loss on that portion of the claim, which forms the real basis of the suit, we would not be justified in holding that, because a trifle has been proven, an affirmative judgment dismissing the suit as to the balance of the claim should be rendered; nor do we think it equitable to allow a party, on appeal by him, to obtain a more burdensome judgment against himself in order that he may use that judgment on which to base a plea of res adjudicata in another suit. See World's Industrial & Cotton Centennial Exposition vs. North Central & South American Exposition, 39 La. Ann. page 1, 1 So. 358.

It is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is, affirmed.