**RUSSELL ET AL. v. CELENTANO**

———

(June 16, 1930. Opinion and Decree.)

———

Huddleston Kenner, of New Orleans, attorney for plaintiffs, appellants.

Titche, Kiam & Titche, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. Plaintiffs, father and mother of a child eighteen months old, bring this suit in his behalf in an effort to recover for damages sustained by the child as the result of an alleged fall from the second floor of the porch of a building owned by defendant. It is charged that the railing of the porch was defective, and that the little boy, while looking over the edge of the porch through a hole in the banisters, lost his balance and fell to the ground below.

On behalf of defendant it is contended that the petition fails to set forth a cause of action because it does not contain any allegation showing that the child was within its rights in being upon the porch. It appears that the porch was attached to premises leased to other parties, and that the parents of the child were not tenants of defendant and had no contractual relation with him. Defendant thus contends that he, as owner of the property, owed no duty to the child except not to wantonly injure it.

It is also argued that the evidence fails to show that the child sustained anything more than very slight superficial injuries.

The most serious defense is that the evidence fails to show to a reasonable certainty, or by a fair preponderance, that the child fell from the porch.

The matter was before this court on a prior occasion, and we then held that, not only did the evidence fail to sustain the allegation that the child fell from the porch, but that it appeared that, in all probability, the injuries were sustained as the result of stumbling while the little tot was trotting along the walk adjacent to the gallery in question. We therefore dismissed the matter as in case of nonsuit. See Russell vs. Celentano, 5 La App. 537.

This suit was thereupon filed, and the evidence introduced here consisted of the testimony taken at the first trial, and, in addition, the testimony of a little negro girl ten years old, who claimed to have been present at the time of the accident.

The evidence given by this little girl, Carrie Bell Shirney, in certain respects is rather convincing, but in others leaves the impression that she really did not see the child fall from the porch. At any rate, the trial judge, knowing of the opinion rendered by this court in the first case, and aware of the fact that, in view of the former decree, the only question presented was whether or not the testimony of this additional witness was sufficient to cause the evidence to preponderate in favor of plaintiffs, held that it was not sufficient for that purpose, and dismissed the suit. We are not prepared to say that he erred in determining this question of fact. Lewis vs. Tooke, 152 La. 752, 94 So. 379; Lutz vs. Toye Bros., 1 La. App. 612; Brasher vs. Grant, 3 La. App. 439; Riser vs. Breazeale, 5 La. App. 716; Dupuy vs. Adams, 6 La. App. 321; Lund vs. Schuermann, 8 La. App. 294; Coyle vs. Maestri Furniture Co., Inc., 10 La. App. 24, 120 So. 418.

It is not necessary for us to consider the other questions presented, but we cannot overlook the situation created by the refusal of plaintiffs' counsel to allow phy-

sicians selected by defendant to examine the child in an effort to ascertain the extent of the injuries sustained. Under a decision rendered by us in Bailey vs. Fisher, 11 La. App. 187, 123 So. 166, and the decisions rendered by the Supreme Court in Kennedy vs. N. O. Railway & Light Co., 142 La. 879, 77 So. 777, and Grant vs. N. O. Railway & Light Co., 129 La. 811, 56 So. 897, such refusal, to say the least, throws grave doubt upon the evidence offered by plaintiffs as to the injuries sustained.

The judgment appealed from is affirmed.