DASTE v. FIRST NATL. LIFE, HEALTH AND ACCIDENT INS. CO.

---

(November 3, 1930. Opinion and Decree.)

---

P. L. Fourchy, of New Orleans, attorney for plaintiff, appellant.

Norman, McMahon & Breckwoldt, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. Plaintiff sues defendant to recover disability benefits and statutory penalties under a health and accident insurance policy. Defendant denied liability and averred that the plaintiff had completely recovered from his injuries and specially pleaded that under the provisions of the policy defendant had reserved the right to have a medical examination of the insured made by its physician, and that the defendant had requested the plaintiff to sub-mit to such an examination, but that the plaintiff had refused and still refuses to permit one to be made.

On the trial of the case on its merits plaintiff sought to introduce evidence to show his injuries and disability resulting from the accident, whereupon the defendant objected to the admission of any evidence to prove any injury or physical disability on the part of plaintiff because he had been requested to submit to a physical examination and refused to do so. The defendant then offered evidence which established that the plaintiff refused and still refuses to submit to such an examination. The trial court maintained the objection, and the plaintiff then offered in evidence the policy sued upon and was forced to rest his case.

There was judgment in favor of defendant dismissing plaintiff's suit, and plaintiff has appealed.

In the case of Bailey v. Fisher, 11 La. App. 187, 123 So. 166, 167, the plaintiff sued for damages for personal injuries and refused to submit to a medical examination by the defendant's doctor, and the lower court maintained the objection to the admissibility of evidence tending to prove damages resulting from physical injuries. This court said:

"Prior to the trial in the court below, defendant caused his physician to call on plaintiff for the purpose of making a physical examination to determine the extent of the injuries. Plaintiff, apparently through misunderstanding, refused to allow the physical examination to be made.

"At the trial, defendant's counsel objected to the introduction of any medical testimony by plaintiff's physicians, contending that, under the doctrine announced by our Supreme Court in Grant v. N. O. Ry. & Light Co., 129 La. 811, 56 So. 897, and in Kennedy v. N. O. Ry. & Light Co., 142 La. 879, 77 So. 777, such testimony, in view of plaintiff's refusal to submit to an examination

by defendant's physician, would have been 'ex parte,' and therefore inadmissible.

"The trial judge, following the pronouncements in the two cases referred to, maintained the objection and excluded the testimony. Accordingly there is in the record no testimony or evidence as to the extent of plaintiff's physical injuries. That this ruling of the trial judge is correct and in accordance with the doctrine announced in the cases referred to is manifest."

The only difference between the cited case and the instant case is that the former is an action ex delicto and the latter is an action ex contractu, but on principle the two cases cannot be distinguished.

It is also to be noted that the policy sued upon contained the following condition:

"3. * * * The Company shall have the right at its option to make such investigation into matters upon which a claim may be based, or the subject thereof, as it may deem necessary in order to determine its liability hereunder."

The record shows that the plaintiff had been injured and was paid disability benefits for a period of seventeen weeks, but thereafter refused to submit and still refuses to submit to an examination by the defendant's physician, thus preventing the insurance company from making an adequate investigation to determine its liability by establishing the period of disability that the plaintiff suffered. Had the plaintiff, during the course of the trial, offered to submit to a medical examination, the case might have been different, but he persisted in refusing to be examined, and there was nothing for the court to do but dismiss the suit under the circumstances.

In view of the above authorities and quoted condition contained in the policy, we are of the opinion that the ruling of the trial court, in holding that the testimony offered to establish the physical injury was inadmissible, is correct.

For the reasons assigned, the judgment is affirmed.