## ARNHEIM v. MAZERES.
### No. 14692.

Court of Appeal of Louisiana. Orleans.
Jan. 2, 1934.

M. C. Scharff, of New Orleans, for appellant.

Richard A. Dowling, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, a former tenant of defendant, avers that during the term of the lease, as he was descending the front steps of the leased premises, the "said steps collapsed," and he sustained severe injuries. He prays for judgment against defendant for $7,500.

Defendant, for lack of information, denies that plaintiff fell as he descended the steps and, in the alternative, asserts that, if there was a fall, it was due to the fault and carelessness of plaintiff himself.

In the district court there was judgment for defendant dismissing plaintiff's suit as in case of nonsuit. Plaintiff has appealed.

The record shows that the "steps" in question are composed of four treads with the usual "risers" and with a box or buttress on each side. The bottom step is about three or four inches above the ground level. It was this bottom tread which, according to plaintiff, "picked up" as he placed his foot upon it.

The testimony in support of plaintiff's theory as to how the accident occurred is very meager, and, even if there were no other contradictory evidence, we doubt whether it would be possible to say that plaintiff, at the time his evidence was closed, had sustained the burden placed upon him of showing by a preponderance of the evidence that the accident occurred substantially as he had averred that it did.

Defendant's evidence as to the actual occurrence is limited to the testimony of one witness who says that she was about thirty feet away when she saw the plaintiff emerge from the front door and slip or lose his balance while he was on the top step. This witness states that, as plaintiff lost his balance, his wife, who was sitting on one of the buttresses, reached out her hand and caught or steadied him, and that, if he fell, the fall was of no consequence. The wife denies that she was seated on the buttress, and states that she was seated in a rocking chair nearby.

The record is manifestly one which does not justify a reversal of the finding of the trial court. Only facts are involved. The evidence is conflicting, and neither that submitted by plaintiff nor that by defendant warrants a definite judgment of dismissal.

The injuries of which plaintiff complains were not serious, and his refusal to permit defendant's doctor to examine him on the day following the alleged accident necessarily raises doubt as to his good faith. It is true that later he permitted an examination, but that was only after he had employed counsel who, no doubt, advised him that, if he persisted in refusing to allow defendant's doctor to make an examination, he might jeopardize his case. Daste v. First National Life, Health & Accident Ins. Co., 14 La. App. 565, 130 So. 572; Russell et al. v. Celentano, 13 La. App. 708, 129 So. 182; Bailey v. Fisher, 11 La. App. 187, 123 So. 166; Kennedy v. N. O. Railway & Light Co., 142 La. 879, 77 So. 777, and Grant v. N. O. Railway & Light Co., 129 La. 811, 56 So. 897.

Plaintiff is shown to have been an invalid for several years prior to the occurrence complained of and to have been suffering from many ailments which, for a long time, had prevented his undertaking laborious work.

It was called to our attention that, on a prior occasion, he had made another claim against another landlord, and that this earlier claim was also based on alleged defects in leased premises. This evidence was permitted to be introduced in order to show that there was a possibility that the injury for which this suit was brought had, in fact, resulted from the earlier accident. We suspect that the real purpose of this evidence was to raise in our minds suspicion as to whether there had, in fact, been any accident in the premises of the present defendant. Of course, the fact that a plaintiff who makes a claim of this kind has, on a former occasion, made a similar claim, does not of itself throw

suspicion upon the good faith of the plaintiff, but when considered in connection with the fact that the plaintiff refused to permit the doctor to examine him, and with the further fact that he makes an enormously exaggerated claim for damages, and that his evidence as to the occurrence is most unsatisfactory, we have no difficulty in reaching the conclusion that the judgment rendered below was correct.

█ Even if the evidence justified a definite judgment of dismissal, we could not render such decree, because there has been no answer to the appeal, and, in the absence of such answer, there can be no amendment in favor of appellee.

The judgment appealed from is affirmed.

Affirmed.