### JOHNSON v. MARKEY. *
### No. 16621.

Court of Appeal of Louisiana. Orleans.

Dec. 13, 1937.

*Rehearing refused Jan. 10, 1938.

Johnston Armstrong, of New Orleans, for appellant.

Geo. Montgomery and Jas. J. Landry, both of New Orleans, for appellee.

JANVIER, Judge.

Isabel Johnson seeks recovery for physical injuries she claims to have sustained as the result of an alleged fall due to the collapse of the rear steps of the premises leased by her husband. The original defendant, Mrs. Alice Jenks Markey, owner and lessor of the house, has died since the suit was instituted and her heirs have been made parties defendant.

There are two defenses. One is the assertion that no such accident occurred, that the steps did not collapse, and that the entire case is what is commonly characterized by the slang term "frame-up." The other defense is that, even if an accident did occur, plaintiff should not be permitted to recover because defendants were never afforded an opportunity to have her examined by medical experts to ascertain the extent of her injuries.

In the court below there was judgment for defendants dismissing the suit. The judge, a quo, in his own hand, wrote on the petition, "the testimony of plaintiff herself is, in my opinion, unworthy of belief." From the judgment which resulted plaintiff has appealed.

The secondly referred-to defense is based on the fact that, though the accident is said to have occurred on June 22, 1930, no notice thereof was given to the lessor until citation in this suit was served on June 19, 1931, almost one year after the alleged occurrence and long after all objective symptoms of physical injury had disappeared.

The contention of defendants is that, under the established jurisprudence of this

state, no evidence of injury is admissible under such circumstances, and, in support of this contention, they cite the following cases: Grant v. N. O. Ry. & Light Co., 129 La. 811, 56 So. 897; Kennedy v. N. O. Ry. & Light Co., 142 La. 879, 77 So. 777, 778; Bailey v. Fisher, 11 La.App. 187, 123 So. 166; Russell et al. v. Celentano, 13 La.App. 708, 129 So. 182; and Daste v. First National Life, Health & Acc. Ins. Co., 14 La.App. 565, 130 So. 572. In all of these cases it is held that, where a person claiming to have sustained injuries refuses to permit the physician of defendant to make an examination, any evidence tendered by plaintiff is "ex parte" and should be excluded. In the Kennedy Case the court said:

"We do not see how the jury and the judge could reach a legal verdict and judgment against the defendant upon an ex parte version of physical injuries, of the nature and character of which plaintiff permitted only the witnesses · selected by herself to become informed; for, if defendants in such cases can be condemned upon that basis, they will always be at the mercy of the plaintiffs, who have only to complain of injuries not visible outside of their clothing, produce themselves ·and their own selected witnesses to testify to them, and sit tight, with no fear of possible contradiction."

In none of the cases decided up to the present time has the court gone so far as to hold that the rule applies even though a medical examination is neither requested nor refused, but the argument is made that the doctrine followed in those cases is equally applicable where, although there has been no refusal to submit to examination because of failure to notify defendant, it is impossible for defendant to have a physical examination made.

■ We find it unnecessary to reach a conclusion on that interesting question because, after a review of the record, we are of the opinion that, the other defense having been sustained, a reversal of the judgment, which is based entirely on questions of fact, is not justified. There are so many suspicious circumstances surrounding this matter that, should we reverse the judgment, we would indeed do violence to ·the rule that the finding of the trial court on a question of fact should not be reversed unless it is manifestly erroneous.

■ In the first place, we consider it strange indeed that, though the accident is alleged to have occurred on June 22, 1930, no notice whatever was given to defendant except by the service of citation nearly one year later. Another circumstance of which we cannot lose sight is that plaintiff's husband, at the time of the alleged injury, was in default in his payment of rent and had been served with notice to vacate.

We next direct our attention to the photograph showing the steps after the alleged collapse, and we notice that the collapse appears to be more nearly complete than would ordinarily be the case under the circumstances alleged. There are no two pieces of the steps left nailed together.

The record shows, furthermore, the rather strange coincidence that some of plaintiff's witnesses, from other parts of the city, "just happened" to be present sitting on the gallery and looking at her as she descended the steps and fell. ·

We have also carefully read the testimony given by plaintiff, and we notice that, strangely enough, she answered each question of her attorney without the slightest hesitation and very glibly indeed, but, almost without exception, she hesitated in answering each question propounded by counsel for defendants, and, in fact, repeated almost every question and obviously hesitated before answering it.

There is other evidence which appears to us trustworthy and which is to the effect that thereafter the steps were found in their original position, apparently completely and properly rebuilt and nailed back to the gallery. They were afterwards made use of by at least one other person, who testified that he had visited the premises for the purpose of closing. the doors and windows and had ascended those same steps in doing so.

In addition to the witness who testified that he used the steps after the alleged collapse, it appears in the record that the premises were later leased to other tenants and that, so far as the lessors knew, nothing was expended for the repair of the steps.

Under all the circumstances we can reach no other conclusion than that the finding of the trial court was correct.

The judgment appealed from is affirmed, at the cost of appellant.

Affirmed.