### RITTER v. NATIONAL LIFE & ACCIDENT INS. CO. OF NASHVILLE, TENN.

#### No. 17411.

Court of Appeal of Louisiana. Orleans.

Oct. 21, 1940.

Rehearing Denied Nov. 4, 1940.

Marie Adelaide Baudier, of New Orleans, for appellant.

Porteous, Johnson & Humphrey, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit on two policies of industrial accident insurance in which $6 per week for eight and five-sevenths weeks is alleged to be due, because of disability resulting from an accident. Because defendant failed to settle within thirty days double indemnity is claimed under Act 310 of 1910. The suit is resisted upon the ground that the plaintiff had been paid eight weeks' indemnity and that her disability did not extend beyond that period and that in no event could an additional claim be made, because of the refusal of the plaintiff to submit to a medical examination by the defendant's physician.

There was judgment below in favor of defendant dismissing plaintiff's suit and she has appealed.

It appears that the plaintiff suffered an injury to her foot on July 12th, 1939, and that for eight weeks she was paid the weekly indemnity due under her policies. The last payment made, according to Mr. A. J. Huguet, defendant's superintendent, covered the week ending September 11th, 1939. On September 20th, 1939, Dr. Butker, defendant's physician, called upon the plaintiff for the purpose of making a medical examination and was not permitted to do so. This refusal, defendant contends, debarred plaintiff from presenting any further claim for disability under the following provision of the policies: "The company shall have the right, at its option, to make such investigation into matters upon which a claim may be based or the subject thereof as it may deem necessary in order to determine its liability thereunder."

In the case of Daste v. First National Life, Health & Accident Insurance Company, 1930, 14 La.App. 565, 130 So. 572, a similar clause in an insurance policy was considered, and it was held that testimony was inadmissible to prove injury where permission to make the examination was denied. The holding in that case is applicable here and plaintiff's claim for further disability cannot be considered.

The case relied upon by plaintiff's counsel—Arthur Stewart v. Security Industrial Life Insurance Company, 3 La. App. 256—is not in point. There the refusal to submit to an examination was qualified by the statement that the plaintiff would permit the examination in the presence of, and with the consent of, her own physician. However, the defendant company having recognized the validity of plaintiff's claim by the payment of seven or eight weeks' indemnity, and, there being no showing of recovery in the meantime, its refusal to continue its payments up to September 20th, the day on which its physician, Dr. Butker, requested and

was denied the privilege of physical examination, was arbitrary. We have said seven or eight weeks. The plaintiff, according to her petition and her testimony, was injured on July 12th, 1939, though it may be remarked that the Charity Hospital record of her treatment would indicate that she was injured before that time. Under the terms of the policy contract she was entitled to be paid "each seven days, except when payment is for less than one week, then payment will be made at the rate of one-seventh of the weekly benefits for each day." She should have received, therefore, weekly payments of $6.00 each beginning and continuing as follows: July 19th and 26th,
August 2nd, 9th, 16th, 23rd and 30th
September 6th, 13th. and 20th—or ten weeks.

According to the evidence of A. J. Huguet, defendant's superintendent, eight payments were made to plaintiff, including the payment due September 11th, 1939, but when asked the reason for the request for a physical examination Huguet replied "on account it was the eighth claim and there was no evidence whatever showing no swelling, no bandage and no cast, and we had been paying her claim." At another point in his testimony, when asked whether he knew the number of claims paid plaintiff, he answered: "seven or eight".

No receipts were produced. Mary Ritter testified that the eighth payment had been brought to her home by an employee of the defendant company, but was not given to her.

It is unlikely that the eighth payment would have been made before the medical examination was had. Huguet is plainly uncertain and plaintiff quite sure it was not received. We conclude that only seven weeks indemnity were paid.

The provisions of Act 310 of 1910, declaring that when claims of this character are arbitrarily refused, double the amount shall be paid, together with a reasonable attorney's fee, have been invoked and are clearly applicable.

For the reasons assigned, the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of Mary Ritter, plaintiff, and against National Life & Accident Insurance Company of Nashville, Tennessee, for $36 with legal interest from judicial demand until paid.

It is further ordered, adjudged and decreed that the defendant, National Life & Accident Insurance Company of Nashville, Tennessee, be condemned to pay to the plaintiff, Mary Ritter, the sum of $25, as attorney's fees, and all court costs.

Reversed.