Plaintiff, Nell Bishop, while a customer in a store of defendant corporation in New Orleans, sustained minor physical injuries when a glass bowl or sandwich tray fell from a small metal pedestal to the cold drink or lunch counter on which the pedestal was standing, the bowl or tray breaking and one of the pieces striking and cutting Miss Bishop's breast. She brought this suit against defendant corporation praying for recovery of damages in the sum of $300, and alleging that the bowl fell because of carelessness of a salesgirl, who had just washed it and who, in attempting to place it in its usual position on the pedestal, had carelessly permitted it to drop upon the counter with the result already set forth.
Defendant admitted that "plaintiff received a very slight scratch or abrasion on her chest from a fragment of glass from the bowl when it shattered as it struck the counter * * *" but denied that its employee was in any way responsible for the falling of the bowl, and averred that it was knocked from its position on the metal pedestal by plaintiff, herself, who had placed packages near or under it and who, in picking them up, knocked it to the counter and thus caused it to break.
In addition to the contention that the accident resulted from the negligence of plaintiff, herself, defendant maintained that all evidence as to the nature or extent of plaintiff's injuries should be excluded for the reason that when a request was made for permission to have a physician examine plaintiff to ascertain the extent of her injuries, she, through her attorney, refused to permit such an examination to be made.
In the court a qua there was judgment dismissing the suit and plaintiff has appealed.
Miss Bishop and her sister, on her behalf, testified that while she was seated at the counter and had turned her back to it, they heard a noise or commotion and that when they turned to see what was the matter, she was cut by the shattered glass of the broken bowl. They also say that just before this, they had seen the salesgirl wash the bowl and had noticed that she was carrying it towards the pedestal just as plaintiff turned away from the counter. This salesgirl, Mrs. Troxler, denied that she had just washed the bowl, declaring that it had been washed several hours earlier and that it had been in its place on the pedestal ever since, and that plaintiff, herself, knocked it to the counter.
There is no liability in a storekeeper for the result of such an accident unless it is caused by negligence — "For a storekeeper is not the insurer of the safety of his patrons", citing Joynes v. Valloft Dreaux, La.App., 1 So.2d 108. The record which is before us fails completely to show that there was any such negligence. Neither plaintiff nor her sister stated that they had actually seen the bowl knocked over by Mrs. Troxler, or had actually seen her carelessly place it insecurely on the pedestal. All that they claim is that they saw *Page 702 
her carrying it towards the pedestal and that a moment later it broke. On the other hand, Mrs. Troxler unequivocally and very convincingly testified that "she (plaintiff) struck the bowl and knocked it over and it hit the counter."
Our brother of the First City Court accepted this version and the record convinces us that he was not in error.
The contention of the defendant that evidence as to the extent of plaintiff's injuries is inadmissible because she refused to permit an examination by defendant's physician is based on the principle recognized in Grant v. New Orleans Ry. Light Co.,129 La. 811, 56 So. 897; Kennedy v. New Orleans Ry. Light Co.,142 La. 879, 77 So. 777, and Bailey v. Fisher, 11 La.App. 187, 123 So. 166. Syllabus, numbered 1, written by the Court in the Kennedy case reads as follows: "In a civil action in damages for personal injuries, the trial judge has no authority to require the plaintiff to submit to a physical examination by experts to be called as witnesses for defendant; but, on the other hand, the jury and trial judge cannot reach a legal verdict and judgment against the defendant in such case upon an ex parte version of injuries of the nature and character of which only the plaintiff and the witnesses selected by plaintiff are permitted to become informed; for, if defendants in such cases can be condemned upon that basis, they will always be at the mercy of the plaintiffs, who have only to complain of injuries not visible outside of their clothing, produce themselves and their own selected witnesses to testify to them, and sit tight, with no fear of possible contradiction. Such a proceeding, however, fails to furnish the principal element in due process of law, to wit, a hearing, and ordinarily would be dismissed, since a court cannot well place a value on ex parte testimony."
This was the doctrine which had been recognized in the Grant case, and which we followed in the Bailey case.
In view of the fact that we have concluded that there is no liability at all, it is unnecessary for us to determine whether the facts in this case would have warranted the application of that principle here.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.