These two suits arose out of the same accident. The defendant is the same in both cases, and the issues are identical, with the exception of the quantum of damages. The suits were consolidated for trial in the lower court with the understanding that separate judgment would be rendered in each case. They were consolidated in this court under the same stipulation.
The plaintiff, Ephraim Thomas, as owner of a Model "T" Ford truck, one of the trucks involved in the accident, sues to recover from the defendant, Mart Stewart, the driver and owner of a school bus truck, also involved in the accident, the sum of $125.00, as damages to his truck operated at the time of the accident, by Vernon Thomas, the other plaintiff.
Vernon Thomas seeks damages from the defendant in the sum of $1,525.00 for personal injuries sustained by him, loss of wages and medical and hospital expenses arising out of the collision between the Ford truck and the school bus.
Plaintiffs allege that, on or about October 19, 1945, plaintiff Vernon Thomas, son of the other plaintiff, was driving the Model "T" Ford truck of the other plaintiff on the Mount Olive Church road in the Parish of Washington in a slow and cautious manner, due to the fact that the fog that morning was very dense and heavy, limiting visual observation; that while thus proceeding, the defendant, while driving his school bus loaded with school children, travelling in the opposite direction from plaintiff Vernon Thomas, ran into and damaged the said Model "T" truck, damaging the said truck and causing personal injuries to Vernon Thomas. They aver that defendant was negligent in the following particulars: In "driving on the wrong side of the road, proceeding at a dangerous, reckless and *Page 605 
negligent rate of speed, without keep (keeping) a proper lookout, and without observing what lay ahead on the road."
The defendant, after admitting that he was the owner of the school bus, loaded with children, and driving said school bus on the road in question in an opposite direction to which plaintiff Vernon Thomas was driving, categorically denied all of plaintiff's averments. Assuming the position of plaintiff in reconvention, he avers that "the said truck or vehicle operated by Vernon Thomas, agent of the plaintiff (Ephraim Thomas) herein, was being operated in a careless and negligent manner being driven on a sparsely settled and county road not generally used, without lights as required by the law and the rules of the road on a heavy foggy morning, with very poor visibility, the said vehicle of the plaintiff (Ephraim Thomas) at the time of the impact being on the wrong side of the road." He further avers that as a result of the careless, negligent and incautious driving of the truck the said Vernon Thomas ran into and damaged his bus to the extent of $190.15. He prays that plaintiffs' suits be dismissed and that in reconvention he has judgment in his favor and against plaintiffs for the sum of $190.15.
Upon these issues, the case was tried, resulting in a judgment rejecting plaintiffs' demand, and also defendant's reconventional demand based on written reasons holding that the accident occurred by the concurrent negligence of both Vernon Thomas and defendant. Plaintiffs have appealed. Defendant has not answered the appeal.
On October 19, 1945, Vernon Thomas, one of the plaintiffs herein, was driving his father's one-half ton Model "T" Ford truck in an easterly direction, at about the hour of 7:30 A. M., on the Mt. Olive Church Gravel Road. At the same time, the defendant, Mart Stewart, was driving a school bus, loaded with children, on the said road in a westerly direction. Thus the vehicles were travelling in opposite directions. About four hundred yards on the west side of Mt. Olive Church road, a collision occurred between the two vehicles. At the point of collision, the road runs east and west, appears to be level, is about twenty feet wide, gravelled, with small ditches on both sides. On the day of the accident, there was a small bank of dirt about two feet on the north side of the road caused by the grading machine in clearing the north ditch of pine straws. On the morning of the accident, there was a very heavy fog and it was impossible for an object to be seen at a greater distance than some fifteen feet.
According to the evidence the Ford truck was about seven feet wide and the school bus about 8 to 8 1/2 feet wide. Considering the width of the road, there were about eighteen feet south of the small bank of dirt and pine needles, left for passage on the south of the small bank of dirt.
The preponderance of the evidence shows that Vernon Thomas was driving his truck about a foot and a half from the south ditch and well on his right lane of travel, thus leaving about 8 1/2 feet to his left to the bank of dirt and 11 1/2 feet to the north ditch, or sufficient space for any automobile or bus to pass him on his left.
The preponderance of the evidence shows that the defendant was driving his bus away from the pile of dirt and occupying more than his lane of travel, thus encroaching on Vernon Thomas' lane of travel.
The preponderance of the evidence shows that the driver of the Ford truck was travelling at a rate of speed of 10 miles per hour and that the driver of the bus was travelling at the rate of fifteen miles per hour. Under the existing circumstances, it cannot be said that the speed of either truck was excessive if the vehicles were in their proper lanes of travel.
The preponderance of the evidence shows that, due to the fog, the drivers did not see each other's vehicles until they were within ten to fifteen feet from each other.
We feel that it is well established that the lights above the cab of the bus were burning. There is a controversy as to whether the lights on the Ford truck were burning. We do not believe that any importance attaches to this fact, for the reason that whether or not his lights were burning, Vernon Thomas had a perfect right to assume that no one would run head on with *Page 606 
him while he was travelling well to his right. The trucks came to rest on the south side of the road, Thomas' truck being in the ditch. After the accident, several cars passed to the north of the wreck, which clearly shows that the bus could likewise have been travelling in its lane of travel.
[1] Under our findings of fact we conclude that this accident was caused solely by the negligence of the defendant in driving his bus, under the weather conditions then prevailing, in his left lane of travel, or a greater portion thereof, in violation of Section 3, Rules of the Road, Rules 5 and 6 of Act 286 of 1938.
The trial judge found, in his reasons for judgment, that Vernon Thomas was guilty of contributory negligence in driving the Ford truck without lights. The driving without lights is seriously disputed. However, admitting that Vernon Thomas was driving without lights, the evidence conclusively shows that he was driving well in his lane of travel, his right wheels being as close to the ditch as possible. He had the right to assume that no one would violate the rules of travel and that he was safe in proceeding forward on that assumption. We do not find any act of negligence on his part which contributed to the accident.
[2] The damages to the Model "T" truck have been proven. Archie Thomas estimates the damages from $125.00 to $180.00. He describes the damages. His testimony is nowhere contradicted. (See T.T. page 13). Ephraim Thomas is therefore entitled to judgment for $125.00, the amount prayed for.
As to Vernon Thomas, he received lacerations and contusions of the upper portion of his head; lacerations of the right hand, severing tendons therein requiring an operation; severe contusions on his left leg above the knee; bruises on his back.
Dr. E.E. Lafferty treated plaintiff. He reports "Scalp wound was sutured and dressed. The hand wound was opened, and cut tendon located, sutured, and skin re-sutured, splint placed on hand. Scalp wound healed within seven days without infection; hand wound healed within seven days without infection; the tendon wound healed, and when discharged Mr. Thomas had full use of the middle finger. This man had partial disability for eight to twelve weeks because the left (?) hand was splinted for that length of time in order to allow the tendon to heal. He has no permanent disability."
[3, 4] For his personal injury, pains and sufferings we feel that an award of five hundred dollars is ample. He has not proven any loss of wages to a certainty; the evidence on that item is too speculative to permit an award therefor. He has proven medical expenses to the amount of $27.00. Thus his award will be the sum of $527.00.
Separate judgments will be rendered in accordance with these views.