57 So.2d 700 (1952)
ALPAUGH
v.
KRAJCER et ux.
No. 19809.
Court of Appeal of Louisiana, Orleans.
March 17, 1952.
Rehearing Denied March 31, 1952.
Writ of Certiorari Denied June 2, 1952.
Porteous & Johnson, Eugene D. Brierre, New Orleans, for plaintiff-appellant.
Devaille H. Theard, New Orleans, for defendants-appellees.
JANVIER, Judge.
At about 8:30 o'clock, on the night of January 5, 1951, while the Pontiac automobile of C. T. Alpaugh was standing unattended at the curb in front of his residence of Henry Clay Avenue, in New Orleans, it was run into and damaged by another car belonging to Mr. and Mrs. *701 Stephen Krajcer and operated by Mrs. Krajcer.
Alpaugh brought this suit against Mr. and Mrs. Krajcer, alleging that his car had been damaged to the extent of $184.82; that the accident had been caused by the negligence of Mrs. Krajcer; that she was on a "community errand" at the time and that, consequently, Mrs. Krajcer, as the operator of the car, and Mr. Krajcer, as head and master of the community, are solidarily liable to him for the amount of his loss.
Mr. and Mrs. Krajcer answered, denying the essential allegations of the petition, although the averments of their answer amount to a concession that an accident did occur and that plaintiff's car was damaged. They denied the extent of the damage. They averred that they had made repeated attempts "to have the opportunity of having competent auto repair people and mechanics examine the automobile," but that "this was denied them;" and they expressly pleaded that "if any cause of action ever existed * * * same has been extinguished and lost."
Mr. and Mrs. Krajcer denied that Mrs. Krajcer was on a "community errand" when the accident occurred.
From a judgment dismissing his suit, plaintiff has appealed.
The record leaves no doubt at all that the car of plaintiff was damaged while it was standing unattended at the curb and, since Mrs. Krajcer has offered not one word of explanation, it necessarily follows that it must be held that she was at fault and that the accident resulted from this fault.
Counsel for defendants, in oral argument before us, has feebly suggested that possibly Mrs. Krajcer fainted at the wheel of the car. There is not one word in the record to show this.
The contention, that the cause of action was lost as a result of the refusal of Alpaugh to permit Mr. Krajcer to examine the car or to have it examined by some competent expert to determine the extent of the damage, is prompted by the decisions rendered in several personal injury suits in which it has been held that where personal injuries are sustained, the injured party must permit the party at fault to have a physical examination made by a medical expert or may lose the right to claim damages.
In Kennedy v. New Orleans Ry. & Light Co., 142 La. 879, 77 So. 777, 778, the Supreme Court said: "* * * we do not see how the jury and the judge could reach a legal verdict and judgment against the defendant upon an ex parte version of physical injuries, of the nature and character of which plaintiff permitted only the witnesses selected by herself to become informed; for, if defendants in such cases can be condemned upon that basis, they will always be at the mercy of the plaintiffs, who have only to complain of injuries not visible outside of their clothing, produce themselves and their own selected witnesses to testify to them, and sit tight, with no fear of possible contradiction. Such a proceeding, however, fails to furnish the principal element required in due process of law, to wit, a hearing, and ordinarily would be dismissed, since a court cannot well place a value upon ex parte testimony. * * *"
In Bailey v. Fisher, 11 La.App. 187, 123 So. 166, we considered a case involving physical injuries, and we followed the ruling of the Supreme Court in the Kennedy case which had been based on an earlier ruling in Grant v. New Orleans Ry. & Light Co., 129 La. 811, 56 So. 897. These and the other cases cited by counsel for defendants all involved personal injuries and not property damage. Counsel for defendants urges us to hold that the same result should be reached where property damage is involved and where the owner of the damaged property refuses to permit an examination thereof.
We find it unnecessary to determine whether the same rule should be applied in case of property damage, because there is no evidence whatever to show that the plaintiff refused to permit an examination of his damaged car. In his brief counsel for defendants sets forth every word of *702 testimony offered by Mr. Krajcer on this question, and there is not even the slightest suggestion in it that the plaintiff refused to permit an examination of the car. The evidence shows that Mr. Krajcer called upon plaintiff and demanded that he send his car to a repair man designated by Krajcer, not for the purpose of having an examination made, but for the purpose of having that repair man make the repairs. Counsel for defendants says that he "thinks" that the record is incomplete as his recollection is that Krajcer stated that plaintiff refused to allow him to inspect the car. If the record is incomplete, counsel should have had it completed. As it now stands, it shows clearly that plaintiff did not refuse to permit an examination of the car.
We see no reason why the owner of a damaged car should be required to permit the person who causes the damage to designate the repair man who must repair it. The owner may himself select the repair man subject only to the requirement that the repairs be made at proper cost.
Defendants' next contention is that the record does not contain proper proof that the amount paid for the repairs was correct, or that all of the repairs which were made were made necessary by the damage caused by Mrs. Krajcer. We cannot agree that the record does not contain this proof.
Plaintiff himself testified that he had had the car "looked at" by two Pontiac dealers in New Orleans and that the repairs had been made by one of them. He says that he paid One Hundred Eighty-four Dollars and "some odd cents," and that his insurers had refunded him $84 and we assume the odd cents, leaving his net loss $100.
Mr. Reyes, shop foreman of Paretti Motor Company, which made the repairs, testified that the work had been done under his supervision and that the bill, which was presented, covered the repairs which had been made.
Counsel for defendants insists that plaintiff should have placed on the stand the mechanics who actually did the work. We do not think this was necessary. Had there been evidence to the contrary, then possibly plaintiff might have found it necessary to produce all available evidence, but, in the absence of any other evidence, he has offered ample proof of the amount paid and that the damages, which were repaired, were made necessary by the accident. On this question we agree with our Brothers of the First Circuit in Thomas v. Stewart, La.App., 29 So.2d 604.
The fact that the insurers paid plaintiff part of the loss does not interfere with his right to collect the entire loss from the defendants. In Dupuy v. Graeme Spring & Brake Service, Inc., La.App., 19 So.2d 657, 659, citing and quoting from many authorities, we said: "* * * we think that it is clear that even though an automobile owner, whose car has been damaged by a tort feasor, has received from his insurer the total amount of his claim for damage, he may, nevertheless, maintain against the tort feasor a claim for the damage provided the tort feasor has not been formally notified that the claim has been assigned to someone else."
The sole remaining contention of defendant, Mr. Krajcer, is that he should not be held liable for the reason that according to the contention of his counsel, Mrs. Krajcer, at the time of the occurrence, was not on a community errand. According to the record and to the brief of defendants, Mrs. Krajcer, with her mother in the car with her, was going to a funeral parlor where "the body of an uncle by marriage was being held." Counsel says that this was not a community errand; that the community had no interest in the funeral of an uncle by marriage of Mrs. Krajcer.
We thoroughly disagree with this view. We know of nothing in which a marital community should be more interested than in the assuaging of the griefs and sorrows of the members of the community. Surely it is highly important to the welfare of the community that either the husband or the wife attend the funerals and marriages *703 of the relatives of either, and that they take part in all such affairs, be they occasions of sorrow or of happiness.
In Brantley v. Clarkson, 217 La. 425, 46 So.2d 614, 617, may be found the latest expression of the Supreme Court on this question: "* * * The wife is entitled to her own recreation, enjoyment and pleasures as well as the husband and the community owes her those things in the same manner as it owes her the food or the clothes she requires. If the husband, in using a car belonging to the community, commits a tort while on an errand in which he is to indulge in his own pleasures and recreation and thereby becomes liable, there is no reason which suggests itself why the same community, out of which the liability may have to be paid, should not likewise be liable for a tort committed by the wife under the same circumstances."
In that case the district court held the husband as master of the community and the wife, who was driving the car, solidarily liable. The Court of Appeal reversed the judgment insofar as it ran against the husband. The Supreme Court held both liable solidarily.
We so hold in this case. Consequently, the judgment appealed from is annulled, avoided and reversed and there is now judgment in favor of plaintiff, C. T. Alpaugh, and against defendants, Mr. and Mrs. Stephen Krajcer, solidarily, in the full sum of $184.82, with legal interest from judicial demand and for all costs.
Reversed.
On Application for Rehearing
PER CURIAM.
Counsel for defendants-appellees, in an application for rehearing, complains vehemently that the plaintiff was allowed to recover although "there is not one word in this record to show that any repairs made to plaintiff's car were made necessary by or resulted from the collision * * *." Counsel states, in the application for rehearing, that in our opinion we said that, had there been evidence to the contrary, full proof would have been required. We made no such statement. What we said was "had there been evidence to the contrary then possibly plaintiff might have found it necessary to produce all available evidence, but, in the absence of any other evidence, he has offered ample proof of the amount paid and that the damages, which were repaired, were made necessary by the accident."
There is not one word in the record to controvert the statement of the plaintiff to the effect that, when he saw the automobile after the accident, "the front end was mashed in, the grill had been damaged, the radiator, and the hood was damaged also," and that he paid "for these damages."
We repeat that the record as it now stands contains sufficient evidence to show that the damage sustained in the accident was the damage which was repaired and for which plaintiff paid.
The rehearing is refused.