HOOD, Judge.
This suit was instituted by Francis L. Gremillion against the C. & L. Construction Company, Inc., and its insurer, General Accident Fire and Life Insurance Corporation, Ltd., to recover damages alleged to have been sustained by plaintiff as a -result of an accident which occurred near Melville, in St. Landry Parish, Louisiana. The accident occurred on December 18, 1958, when a large piece of earth moving equipment called a Euclid, being owned by defendant C. & L. Construction Company and operated by one of its employees, went out of control and crashed into plaintiff’s 1954 International Harvester tank truck, which was parked on the side of a road.
Plaintiff alleges that as a result of this accident his truck was damaged in the amount of $463.22, and that the accident caused him to suffer shock, anxiety, and inconvenience for which he seeks an award of $1,000. The trial judge rendered judgment in favor of plaintiff, awarding him the sum of $409.56 for damages to the truck, and $250 for inconvenience, but rejecting his demands for an award of damages for shock and anxiety. Defendants have appealed from this judgment, and plaintiff has answered the. appeal praying that the award be increased.
Defendants admit that they are liable to plaintiff for the damage which he sustained as a result of this accident. The only issue *200 raised by this appeal, therefore, relates to the amounts awarded, defendant contending that the total award should be reduced to the sum of $191.48.
Plaintiff is engaged in the business of distributing gasolene and oil products for a major oil company in the Town of Melville. The truck involved in this accident was the only truck owned by plaintiff which was equipped to deliver gasolene to overhead tanks, and it was necessary for him to continue his daily trucking operations with that piece of equipment in order to retain his business connections. There was no International Harvester dealer in Melville, so plaintiff engaged the services of Tom Boykin, a local mechanic, to repair the damaged truck. The .repair work was done during evening hours and at other times when the truck was not being used, and by having the repair work done in that manner, plaintiff was able to continue using the truck without interruption after the accident occurred.
Plaintiff contends that he made payments to Boykin from time to time for this repair work until the total sum of $409.56 was paid. Defendant contends that the charges made by Boykin for these repairs were excessive and that the evidence does not establish that this amount was actually paid by plaintiff. The trial judge concluded that payments aggregating that amount had been made, however, and we find no manifest error in his conclusions on that point.
An automotive expert, called by defendant, examined plaintiff’s truck about one month after the accident occurred, and he estimated the cost of repairing all damages to the truck occasioned by the accident at $191.48. Defendant contends that the award to plaintiff should be reduced to that amount.
Boykin, of course, did not have all of the facilities or parts needed to make the repairs, and we assume that his charges were higher than would be those of a well equipped and stocked repair shop. There were no properly equipped establishments in that locality, however, and by having the repair work done by Boykin when the truck was not in use plaintiff continued to operate his business and saved the additional expense which would have been incurred in renting another truck to use while the repair work was being done.
One who is injured by the negligent acts of another is bound to exercise reasonable care and diligence to minimize or lessen the resulting damage. 15 Am. Jur., Damages, Sec. 27; Trufant Commission Co. v. Yazoo & M. V. R. Co., 1903, 111 La. 633, 35 So. 792; Vaccaro Bros. & Co. v. Louisville & N. R. Co., 1929, 11 La.App. 348, 123 So. 355; Wagner v. T. S. C. Motor Freight Lines, Inc., La.App.1938, 181 So. 625; Noland v. Liberty Mutual Ins. Co., La.App.1957, 96 So.2d 360.
We, of course, have no way of knowing how much additional damage would have been sustained because of loss of business or rental of another truck if plaintiff had placed his truck in a repair shop in some other community for repairs. In our opinion, he exercised reasonable care and diligence to minimize the damage by having the truck repaired locally, thus eliminating the necessity of putting it out of use for a period of time, even though the cost of labor and parts may have been higher than might have been obtained elsewhere. Facio v. Bellone, La.App.1949, 39 So.2d 448, certiorari denied; Alpaugh v. Krajcer, La.App.1952, 57 So.2d 700, certiorari denied. The trial judge, therefore, correctly awarded plaintiff the sum of $409.56 as damages to the truck.
Plaintiff’s claim that this award be increased to $463.22, because of future repairs which he contends will have to be made, is without merit. Plaintiff stated that his truck was not in as good condition after being repaired as it was before the accident, but he elected to have his truck repaired in that manner, and in his testimony he did not indicate that any additional repairs were needed. Boykin admittedly *201 had been compelled to improvise in making some of the repairs because of his inability to obtain the correct parts, and it appears from his testimony that he felt that additional repairs were needed largely to replace some of the parts which he already had installed or had repaired and for which he had been paid. Plaintiff voluntarily engaged Boykin to make the repairs and we assume that he authorized and approved the work which was done on the truck since he paid for it. We think defendant is obligated to plaintiff for the amount paid to Boykin for making these repairs, but defendants are not obligated to reimburse plaintiff for any additional expense which he may have to incur to correct the repair work performed by Boy-kin.
Defendant contends that the trial judge erred in awarding plaintiff $250 for “inconvenience.” The evidence shows that plaintiff continued to operate the truck in connection with his business after the accident occurred. Although it may have been annoying to drive the truck for a while in its damaged condition and to take it to the shop for .repairs from time to time, we feel that whatever inconvenience he may have undergone as a result of the accident was not compensable, and that the trial judge erred in awarding plaintiff damages for inconvenience.
Plaintiff contends that the trial court erred in rejecting his demands for damages for “shock” and “anxiety.” The evidence shows that plaintiff was standing near his truck when the accident occurred, but that he was not struck or physically injured in any manner. He testified to the effect that he had “butterflies” in his stomach, that a few minutes after the accident occurred he had to steady his hand to sign his name, and that it worried him a great deal.
 In Louisiana damages for mental anguish and shock, resulting from trespass or damage to property, are considered as actual damages and as such are compensatory. McGee v. Yazoo & M. V. R. Co., 1944, 206 La. 121, 19 So.2d 21; Givens v. Town of Ruston, La.App.1951, 55 So.2d 289; Fontenot v. Magnolia Petroleum Co., 1955, 227 La. 866, 80 So.2d 845; Holmes v. LeCour Corp., La.App.1958, 99 So.2d 467. In this case, however, the evidence fails to show that plaintiff experienced any shock or anxiety resulting from this accident which would or could justify an award of damages. In our opinion, the trial judge correctly rejected plaintiff’s demands for this item of damages.
For the reasons herein assigned, the judgment of the trial court is reversed insofar as it awards plaintiff damages in the sum of $250 for inconvenience as a result of the accident, and in all other respects the judgment is affirmed. The costs of this appeal are assessed to plaintiff-appellee.
Affirmed in part; reversed in part.