SAMUEL, Judge.
Plaintiffs, husband and wife, filed this suit for personal injuries to Mrs. Guidroz and other damages resulting from a two car collision which occurred on May 19, 1966. Named defendants were Julio R. Rojas, the driver of the other automobile involved in the accident, and Phoenix of Hartford Insurance Company, plaintiff’s automobile liability insurer, the latter being sued under the uninsured motorist provision of their policy on the allegation that Rojas was uninsured.
Mr. Guidroz did notify his insurance agent of the accident; but the record does not show any demand was ever made on Phoenix other than the filing of suit; and, although the suit was filed on May 19, 1967, at the request of plaintiffs’ attorney service of process was not made on Phoenix until April 21, 1971.[1] That defendant then filed an exception, an answer denying liability, and a third party demand against the individual defendant, Rojas. The exception, which was based on the long delay between the filing of the petition and the service of process on Phoenix, was overruled. The record does not show any service on Rojas in either the original suit or Phoenix’s third party demand.
After a trial on the merits, there was judgment in favor of Mrs. Guidroz in the amount of $1,250 for her injuries and in favor of Mr. Guidroz in the amount of $520 for medical expenses resulting from the accident. Plaintiffs have appealed seeking an increase in the award to Mrs. Guidroz. As Phoenix has neither appealed nor answered plaintiffs’ appeal, the increase sought for pain and suffering is the only issue before us.
At the time of the accident Mrs. Guidroz was driving the family automobile. She was on Peters Road in Harvey, in the Parish of Jefferson, and had stopped her car, waiting for the passing of traffic traveling on Peters Road in the opposite direction, in order to make a left turn into the service road of the West Bank Expressway. While her automobile was in that stopped position it was struck in the rear by the Rojas vehicle. Mrs. Guidroz called her husband who took her to West Jefferson General Hospital where she was examined by, and x-rayed at the direction of, Dr. Franklin Toups. She was not required to remain in the hospital; but she was seen later that same afternoon and subsequently by Dr. Toups who treated her on approximately 30 different occasions between May 16, 1966 and March 28, 1967.
Dr. Toups was qualified as an expert in general surgery. He was the only physician to see Mrs. Guidroz in connection with the accident. The doctor testified the *710 x-rays taken at the hospital were negative for any fracture, but that they did show “some straightening of the cervical vertebrae with some loss of the normal curvature of the neck”, thus indicating “some muscle tension or muscle strain”. His diagnosis was muscle strain of the left and right trapezius muscles. He treated Mrs. Guidroz with muscle relaxants and physical therapy in the form of vibrator and heat massage to her neck. Following the first treatment on May 19, 1966, Mrs. Guidroz was treated once a week for a period of time and once every other week until March 28, 1967.
Dr. Toups stated that, while the plaintiff still had minor neck pains on March 28, she was slowly improving and he concluded she had sustained the maximum benefits possible from physical therapy. Consequently, on March 28, 1967 he discharged her with instructions to return to- see him if she had any more trouble. During treatment, muscle spasm manifested itself on various occasions; plaintiff would show some improvement with intermittent periods of slight regression. In general the doctor testified plaintiff had a slow, gradual improvement in her condition over the entire period of his treatment.
The only subsequent visit made by Mrs. Guidroz to Dr. Toups was on August 1, 1967 when she saw him for a sore throat. At that time he made an incidental examination of her neck. The examination revealed no abnormality, although there continued to be some tenderness, some stiffness, and a minimal amount of neck pain.
Mrs. Guidroz testified the significant pain experienced by her on the day of the accident was in her neck. She said the pain was so great she had to lift her head from the x-ray table with her hands. We are satisfied she did suffer considerable pain and discomfort over the period of treatment and for some time thereafter. However, there is no indication she lost any work, or that she was significantly impaired in the performance of her household duties except on some occasions.
Regarding quantum for personal injuries, it is now established that each case must be decided on the facts and circumstances surrounding the particular injuries involved and that amounts of awards in similar cases are relevant only for the purpose of determining whether the award is so excessive or so inadequate as to constitute an abuse of the “much discretion” vested in the trial judge or jury.[2] With this in mind we have examined other cases involving similar injuries.[3]
In the instant case we include a consideration of the fact that the combined absence of any demand, or other indication that plaintiffs would make a claim under the uninsured motorist provision of their Phoenix policy, and the almost four year delay in service on Phoenix after suit was filed, effectively deprived that defendant of an opportunity of obtaining some countervailing medical evidence, a third party judgment against Rojas, and a thorough investigation into the question of whether or not Rojas was insured at the time of the accident.[4] However, even taking this *711 fact into consideration, we are of the opinion the award is manifestly inadequate. Under all of these facts and circumstances, we conclude an award of $2,250 to Mrs. Guidroz for her personal injuries would he adequate.
For the reasons assigned, the judgment appealed from is amended by increasing the award to Mary Ann Guidroz, wife of Leonard Guidroz, from the sum of $1,250 to the sum of $2,250. As thus amended, and in all other respects, the judgment appealed from is affirmed; costs of this appeal to be paid by the defendant-appellee.
Amended and affirmed.

. We note the attorney who filed the suit and requested that the defendant insurance company be not served was not present counsel for plaintiffs who appear to have entered the case as counsel shortly before trial.

. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64; Lomenick v. Schoeffler, 250 La. 939, 200 So.2d 127; Thibodeaux v. Travelers Indemnity Company, 215 So.2d 215.

. See, where the injuries appear to be less severe, Thompson v. Allstate Insurance Co., 252 So.2d 711; Jennings v. Allstate Insurance Co., 241 So.2d 778; Berthelot v. Tally, 239 So.2d 721; Lemoine v. American Employers Insurance Company, 238 So.2d 233; Triche v. Roberts, 234 So.2d 438; Charles v. Phoenix Insurance Company, 229 So.2d 467.

.The record shows Rojas was locally employed from the time of the accident until April 4, 1967 and his whereabouts were easily ascertainable at least until that time. See by analogy, Kennedy v. New Orleans Railway & Light Co., 142 La. 879, 77 So. 777; Vaughn v. Commercial Union Insurance Co. of New York, 263 So.2d 50; Arnold v. Patterson, 224 So.2d 820; Boudreaux v. Travelers Insuranc Company, 212 So.2d 534; Pur *711 nell v. Travelers Insurance Company, 205 So.2d 628; Daste v. First Nat. Life, Health & Accident Co., 130 So. 572; Baily v. Fisher, 11 La.App. 187, 123 So. 166.