TATE, Judge.
The plaintiff father appeals as insufficient the awards made to his two minor daughters for their personal injuries. The defendant insurer answers the appeal, contending that such awards are excessive.
While riding as passengers in the plaintiff’s automobile, his two girls were injured *459 ■in an inters ectional collision. The plaintiff as administrator of their estates brings suit for damages thereby sustained. The defendant is the insurer of the other automobile. The negligence of the defendant’s insured was stipulated, as were the special damages.
Thus, the sole issue before us is whether the trial court abused its discretion in awarding as general damages for their respective personal injuries the sums of $1200 to daughter Elaine and of $6500 to daughter Bonnie.
The trial court’s award of general damages for personal injuries should not be disturbed on appeal unless the reviewing court finds that the trier of fact has abused its great discretion in this regard, taking into consideration that each personal injury may be evaluated according to its own peculiar facts and circumstances. LSA-Civil Code Art. 1934(3); Ballanga v. Hymel, 247 La. 934, 175 So.2d 274; Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. As the cited decisions also note, the awards made in other cases for seemingly similar injuries are relevant only insofar as they may indicate that the present award is so greatly out of proportion to prior awards as to indicate that the present award is so excessive or so inadequate as to constitute an abuse of the trial court’s great discretion in the matter.
Our review of the record convinces us' there was no abuse of the trial court’s discretion in the present matter and that therefore its awards should be affirmed.
The two girls’ injuries were as follows:
1. Elaine, aged nearly 16 at the time of the accident, was thrown from the car by the impact. She sustained severe abrasions and contusions of her left shoulder and of both thighs and buttocks. Her activities were somewhat limited by these injuries during the 2-3 months they took to heal. As a result of the accident, she also suffered from irregular menstruation for a short period. There was no residual from her injuries.
2. Bonnie, who was 9 at the time of the accident, was sitting by the right rear door, which was struck by the other car and smashed by the force of the collision, which flung the whole car once around. In addition to abrasions and bruises on the scalp and right shoulder, Bonnie’s head was bumped severely in several places as she was tossed around by the impact. At the time of the accident, she became panic stricken and remained screaming until the ambulance came. As a residual from the time of the accident, she was still suffering from personality changes and a fairly serious trauma-caused neurosis at the time of the trial two and one-half years after the accident.
The evidence reflects without serious contradiction that before the accident, Bonnie had been stable and calm, an excellent student. Although she had been forced to miss classes not infrequently after the accident, she remained an “A” student; but she became (to objective observation) jerky, fidgety, and restless. She was apprehensive and easily (and groundlessly) frightened by other traffic when riding in motor vehicles. She suffered from frequent headaches, inability to sleep, and from nervous stomachache upon stress, including, for instance, school examinations. She becomes easily upset and gets angry at other persons easily. She suffers from crying spells. To control somewhat her shakiness and inability to sleep, Bonnie’s psychiatrist has placed her under medication which requires her to take nine pills daily. If the intake of these medications is reduced, her nervousness and sleeplessness becomes aggravated.
Due to the persistence of the nervous condition, Bonnie’s family physician referred her to a psychiatrist some ten months after the injury. Bonnie had been under *460 the care of this psychiatrist for about 20 months at the time of trial. The psychiatrist diagnosed the cause of her symptoms as an acute and chronic anxiety reaction or neurosis caused by the accident in which the little girl was involved. Although the symptoms improved under treatment, a regression of her condition immediately occurred when a friend was involved in an accident.
Due to the persistence of the symptoms and the tendency of the condition to become reactivated under stress, the attending psychiatrist felt that Bonnie’s neurosis, although subject to gradual improvement, was also subject to frequent relapses over a prolonged period. At the time of the trial, he therefore felt the trauma-caused neurosis to be of indefinite duration; that it might persist for years, even into adulthood. ■
In urging that the trial court’s award was inadequate the plaintiff relies upon the awards for psychoneuroses producing personality changes in Humphries v. Delta Fire and Casualty Co., La.App. 1 Cir., 116 So.2d 130 ($12,000) and Hudson v. American Employers Insurance Co., La.App. 2 Cir., 113 So.2d 340 ($15,000). In urging that the award should be reduced, the defendant relies upon cases concerning nervous conditions concerning trauma aggravated neuroses, Carruth v. State Farm Mutual Ins. Co., La.App. 2 Cir., 113 So.2d 56 ($4,000 for physical injuries producing temporary nervousness) and Dowden v. State of Louisiana, La.App. 2 Cir., 81 So.2d 61 ($750). See also Barlow v. Plummer, La. App. 3 Cir., 195 So.2d 321 ($4,000, including other injuries).
From our study of these decisions, we find no reason to conclude that the present award is so out of proportion with them as to constitute an abuse of the trial court’s discretion — Bonnie’s injuries were more serious and of much longer duration than those in the decisions cited by-the defendant, whereas her neurosis is less serious in effect than the injuries in the cases relied upon by the plaintiff.

Decree.

For the foregoing reasons, we affirm the trial court’s judgment, finding no reason to disturb its awards for personal injuries. The plaintiff-appellant is to pay the costs of this appeal.
Affirmed.