SAMUEL, Judge.
This is a suit for personal injuries and property damages resulting from a collision between an automobile and a bus. Plaintiff was the owner-driver of the automobile. The defendants are the bus company and its driver. Their answer to plaintiffs petition denies any negligence on the part of the bus driver and alternatively pleads contributory negligence on the part of plaintiff. After trial there was judgment in favor of plaintiff and against the defendants, in solido, in the total amount of $2,-452.92, $1,750 for pain and suffering and $702.92 for special damages (including the sum of $493 for loss of income).
The defendants have appealed. In this court they contend the trial court judgment should be reversed because there was no negligence on the part of the bus driver or, alternatively, because of contributory negligence on the part of plaintiff In the further alternative appellants contend the award for pain and suffering is excessive and the award for loss of income is not warranted by the evidence offered in proof thereof. Plaintiff has not appealed nor has she answered the appeal taken by the defendants.
These are the undisputed facts of the accident: It occurred between 11 and 11:30 on a Sunday morning in the intersection of South Claiborne Avenue and First Street, in the City of New Orleans. At the point where they intersect South Claiborne runs generally east and west while First runs generally north and south. South Claiborne is the favored street; it consists of three lanes for moving traffic and one parking lane on each side of a wide neutral ground. First is a two-way street containing two lanes for moving traffic. The bus had been traveling west on South Claiborne. It had been stopped and taking on passengers in the parking lane, the lane farthest from the neutral ground, between 5 and 15 feet from the First Street corner. Plaintiff was driving her automobile on South Claiborne in an easterly direction. She turned left at the intersection for the purpose of proceeding north on First Street. The right front of the bus struck the extreme right rear of the automobile.
Plaintiff produced three eyewitnesses to the accident, herself, a woman who was walking on the sidewalk near the point where the collision occurred, and the driver of a vehicle proceeding south on First Street. The only such witness produced by the defendants was the bus driver.
Plaintiff’s version of how the accident occurred was corroborated by her two witnesses in all material respects. She testified : While the bus was parked and taking on passengers she turned left on First Street, crossed the neutral ground area, and stopped before entering the westbound Claiborne lanes. As no vehicles were approaching in those lanes she started to cross them. She was unable to complete the crossing because two vehicles proceeding ahead of her on First Street, and traveling in the same northerly direction as she was, stopped in front of her. She was required to stop behind the second of those vehicles and did so with the rear portion of her car protruding into the South Claiborne parking lane. After she had come to a stop and had remained stopped for a matter of 50 or 60 seconds, the bus suddenly started from its parked position, proceeded forward in a straight line, and struck the right rear of her automobile.
The bus driver testified he had stopped at the corner and taken on several passengers (4 or 5 or possibly as many as 12). After the last passenger had boarded the bus he looked to the front and both sides, saw no approaching traffic in the westbound lanes of South Claiborne or on First Street, and proceeded forward veering to his left so as to enter the traffic lane closest to him. He then saw the plaintiff automobile coming across the neutral ground. It was moving fast and he *333 realized it was coming in front of the bus when the bus was only several feet from First Street. He immediately applied his brakes and swerved in an attempt to avoid hitting the automobile hut was unable to avoid the collision. He took the names and addresses of several of the passengers for witness purposes.
Without the necessity of further discussion, it is quite clear that if the testimony of the plaintiff and her two witnesses is accepted as true, plaintiff is entitled to a judgment. The trial judge did accept that testimony. He found as a fact that the negligence of the defendant bus driver was the sole proximate cause of the accident. A firmly established rule of our jurisprudence is that on questions of fact involving the credibility of witnesses the trial judge who heard and saw those witnesses will be reversed only for manifest error. Here we find no error, manifest or otherwise.
We now address ourselves to appellants’ second contention, that the award of $1,750 for pain and suffering is excessive. The only medical evidence in the record is the report of plaintiff’s treating physician, which report was introduced by stipulation. Plaintiff sought and obtained medical attention the day following the accident. According to the physician’s report, on the first visit she complained of pain in her neck, left foot and back. The doctor found swelling of the left foot just below the lower end of the fibula and some puffiness and swelling on the right side of the neck where it joined the shoulder, an area in which she complained of tenderness. There was restricted motion of the head in all degrees of motion, plaintiff complaining particularly upon flexion, extension and rotation. Pressure on the right side of the base of the neck produced pain. Two days later she returned because of severe pain in the neck and at that time the doctor prescribed a cervical splint and collar to ease the pain by decreasing movement. The left ankle remained swollen and an ace bandage was applied. She made seven office visits, receiving physiotherapy treatments and medication including pain relieving drugs. The doctor was of the opinion she had suffered a cervical strain with some probable bleeding into the trapezius muscle on the right side and a sprain of the left ankle. He felt she would probably be symptomatic for many weeks. However, after a few days more than six weeks she had improved sufficiently'to permit the removal of the cervical collar and the discontinuance of treatments. Two days later she was discharged without permanent residual injury.
The only question presented by the contention now under discussion is whether the $1,750 award is so excessive as to constitute an abuse of the “much discretion” in assessing damages for personal injuries given the trial judge by LSA-C.C. Art. 1934(3). Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; Luquette v. Bouillion, La.App., 184 So.2d 766. We are satisfied the award is not sufficiently excessive so as to constitute an abuse of that discretion.
Nor do we agree with appellants’ third contention, that the award of $493 for loss of income is not warranted. Plaintiff worked for Richard’s Cleaners & Launderette for an approximate average weekly wage of $42 and as a result of the accident lost six weeks wages, or a total of $252. Appellants concede this amount of income loss has been proven but argue plaintiff failed to prove any further loss.
Plaintiff testified that, after her work at Richard’s Cleaners, and in addition thereto, she also operated her own small restaurant at night from which she made a net weekly profit of between $40 and $50. The trial judge awarded plaintiff $241 for six weeks loss of income during the period she was unable to operate the restaurant because of the injuries in this suit. Thus the total award for loss of wages from both sources amounts to $493. This is the only evidence contained in the record relative to loss of income *334 from the restaurant operation. However, under the circumstances here it is sufficient proof .of the additional loss. As this court said in Clouatre v. Toye Brothers Yellow Cab Company, La.App., 193 So.2d 344, 346:
“Although it is better practice to introduce corroborating evidence, where such corroborating evidence is not produced and is not shown to be available, a plaintiff’s detailed and uncontradicted testimony as to loss of earnings may by itself constitute sufficient proof thereof if the same be reasonable and if it be so accepted by the trial court or jury; a claim for loss of earnings need not be proved with mathematical certainty, but only by such proof as reasonably establishes the claim; and in cases where there is a legal right to recover, and the exact amount of damages cannot be determined, a court or jury has discretion to assess reasonable monetary damages based upon all the circumstances of the loss. Stevens v. Dowden, La.App., 125 So.2d 234, and cases cited therein at page 237.”
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.