FRUGÉ, Judge.
This is an action for personal injuries and property damage arising from an inter-sectional collision of two automobiles on August 27, 1967. The trial court awarded plaintiffs, Edmond Charles and Mattie Albert Charles, damages of $3,830.10 and $3,-535.08 respectively and defendants have appealed to this court.
There is no substantial issue as to the liability of defendants in this matter. The insured, Mrs. Rose Barnes Meyers, ran a stop sign and hit an automobile driven by Mattie Albert Charles and owned by Edmond Charles, a passenger in the automobile.
There was no showing of contributory negligence on the part of the plaintiffs and defendants readily admit that they “do not seriously contest the issue of liability.” (Brief, p. 2.)
The defendants contend that the trial court’s award for loss of wages was excessive for both plaintiffs. Edmond Charles was awarded $720.00 for loss of wages based on twelve weeks of disability at $60.00 a week and Mattie Albert Charles was awarded $450.00 on the basis of fifteen *468 weeks of disability at $30.00 per week. The defendants feel that both plaintiffs failed to prove that they would have earned those amounts over the ensuing period.
Edmond Charles was a general farm worker who had worked for Abel Hardy on Friday, April 25, 1967, prior to the accident on Sunday April 27, 1967, at the rate of $1.25 per hour. His paycheck for that week was $41.50. Charles had been working for Hardy for about two months when the accident occurred. Appellants contend however that Edmond Charles did not prove that he could have obtained work during the twelve-week period that he was disabled. However it was shown that there was farm work available in the area and in addition Charles obtained a job cutting cane near Baton Rouge but had to quit the first day because of problems with his shoulder.
Mattie Albert Charles had dug potatoes on Thursday, August 24, 1967, prior to the accident on the ensuing Sunday, at the rate of $6.00 per day. She had worked three days during the week preceding the accident. She, like Edmond Charles, did general farm work but she was more limited in the type of work that she could do.
 Since both plaintiffs were working at the time of the accident the trial court had a reasonable basis for awarding damages for loss of wages, which is all that is required. Hughes v. New Orleans Public Service, Inc., 221 So.2d 331 (La.App. 4th Cir., 1969), Clouatre v. Toye Brothers Yellow Cab Co., 193 So.2d 344 (La.App. 4th Cir., 1966).
The cases cited by defendants are distinguishable from the instant case in that the plaintiffs in those cases were not working at the time of the various accidents. Here the plaintiffs proved that they were working during the week preceding the accident. Therefore we find that the trial court’s awards for loss of wages to both plaintiffs was proper and reasonable.
Appellants also contend that the trial court’s award of $2,500.00 to each plaintiff for personal injuries was excessive and manifestly erroneous. The medical testimony of Dr. deBlanc reflects that both plaintiffs suffered multiple injuries. He felt that Edmond Charles suffered injuries to his back, right shoulder, and neck, and that Mattie Albert Charles had suffered a severe injury to the chest and rib cage, right leg, and multiple contusions of the neck and back.
Dr. Bordelon, who saw the plaintiff once, approximately four months after the accident, disagreed with Dr. deBlanc as to the injuries suffered by the plaintiff except that he agreed that Edmond Charles had suffered a shoulder injury and in his opinion would be disabled for several more weeks.
The trial court has much discretion in assessing damages and in the absence of a clear abuse of that discretion its findings should not be disturbed on appeal. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Broussard v. St. Paul Fire & Marine Insurance Company, 198 So.2d 458 (La.App.3d Cir., 1967). Considering the nature of the injuries suffered by the plaintiffs and the testimony of Dr. deBlanc, an award of $2,500.00 to each of the plaintiffs was not manifestly erroneous.
For the foregoing reasons the judgment of the trial court is affirmed at defendants-appellants’ cost.
Affirmed.