TATE, Judge.
Mrs. Doris Luneau was injured as the result of a collision between two vehicles. She and her husband sue to recover damages sustained. Made defendants are the husband (Edwards) of one driver and the father (McKay) of the other (each legally responsible for the negligence of their respective driver) and their respective liability insurers.
The issues of this litigation have been discussed in a companion appeal decided this date, arising out of the same accident. Hathorn v. McKay, La.App., 236 So.2d 74. For the reasons there discussed, we find the driver of the McKay automobile to be solely at fault.
The defendants-appellants question the award of $2,500 general damages and of $1,500 for loss of future wages.
Mrs. Luneau sustained multiple contusions and lacerations. These required two days’ hospitalization. Additionally, she suffered soft tissue injuries in the back and neck.
The attending physician thought it reasonable to estimate about six months’ painful residual disabling her from the canning factory labor in which she was employed at the time of the accident.
The award of $2,500 for these injuries does not constitute an abuse of the trier of fact’s large discretion in such determinations. See, e. g., Charles v. Phoenix Insurance Co., La.App. 3d Cir., 229 So.2d 467.
Likewise, the allowance of $1,500 lost earnings for the full term of disability is not manifestly erroneous. The canning factory closed for the season about two months after the accident, by which time Mrs. Luneau had admittedly lost $456.90.
However, the loss of earnings is not limited to that period. There was a reasonable basis for the trial court to find she lost earnings thereafter from other employment available to her after such period. Charles v. Phoenix Insurance Co., La.App. 3d Cir., 229 So.2d 467. See also, Johnson v. State Farm Mutual Automobile Insurance Co., La.App. 1st Cir., 136 So.2d 446, Stevens v. Dowden, La.App. 3d Cir., 125 So.2d 234.
Accordingly, for the reasons assigned, we affirm the judgment of the District Court, at the cost of the defendants-appellants.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.