DOMENGEAUX, Judge
(concurring in part and dissenting in part).
I am in agreement with my brothers of the majority in their affirmation of the District Judge’s findings on several of the issues. I feel that the trial judge correctly ruled that defendant committed a battery upon plaintiff’s 13 year old daughter, and I am of the opinion that his award of $500.-00 for bruises resulting therefrom was not an abuse of his discretion.
However, the majority affirms the trial judge’s specific finding that the minor’s affliction of secondary amenorrhea was not causally connected to the beating administered by the defendant. Thus the trial judge denied plaintiff any recovery for that injury. With this finding, I cannot agree.
The trial court considered the testimony of two of plaintiff’s treating physicians, Doctor D. J. DeBlanc whose reports were admitted by stipulation, and Dr. D’Orsay D. Bryant, an obstetrician and gynecologist whose deposition was likewise introduced by stipulation.
Doctor DeBlanc was of the opinion that the amenorrhea condition was attributed to the beating which the child received. He stated that:
“ . . . this child is menarche and the child was so shocked that this affects the nervous system which affects the menses. This child has not seen a period *671 for six months. You must remember that a child beaten by a stranger is going to be affected mentally and emotionally as in this case, and if there is any question concerning this I will answer to anyone in authority what I have discovered through examination and history.
Concerning the area where the child was struck, that has been previously described, it is not that the patient has extreme pain at the site anymore, it is tender when pressure is applied over that area, but I feel more important than the tenderness and the pain is the effect of the mental trauma to this patient which is shown with the findings in relation to her menses.”
Doctor Bryant testified:
“Q. Could there be any connection in your findings of the absence of a menstrual cycle in this traumatic experience that she told you about; is there any connection between them?
A. Yes. There is a causal or could be a causal relationship.
Q. Would a beating about the head, shoulders, back and arms, would that cause the onset of secondary amenorrhea ?
A. It could. Yes, it could.
Q. I was about to say that a traumatic experience like a beating at the hands of an older woman ' could very well cause this type of condition.
A. Yes.
Q. Were there any findings that you found objectively or otherwise in examining Miss Martin that would lead you to any other conclusion than the one that you had just stated?
A. Not with her historical data, not as I have listed here.”
The above medical testimony was completely uncontradicted by the defendant. Also uncontradicted was the testimony of the child and her mother, supported by the medical evidence, that the minor’s menstrual cycle had been interrupted for a period of approximately one year commencing with the beating.
Doctor Bryant also testified that during the course of the amenorrhea, the medical possibility existed that Miss Martin had been rendered sterile by the beating. Thus, for approximately one year, she suffered from the mental anguish and the anxiety invoked by the possibility or probability of her sterility.
I feel that the above outlined medical evidence (uncontradicted) strongly preponderates in plaintiff’s favor, and I must conclude that the District Judge committed manifest error in his failure to find a causal connexity between the beating and the secondary amenorrhea condition. I wish to make it abundantly clear that I do not find an abuse of discretion in the trial judge’s award of $500 for the bruises which resulted from the beating. Rather, I would award additional damages for the secondary amenorrhea, an injury which the trial judge erroneously found to have no causal connexity to the beating. Therefore, I would vote to award plaintiff an additional $1,000 for mental anguish and anxiety caused by the secondary amenor-rhea condition. See Broussard v. St. Paul Fire and Marine Insurance Company, 198 So.2d 458 (La.App. 3rd Cir. 1967).
For the above and foregoing reasons I respectfully concur in part and dissent in part.