LANDRY, Judge.
Defendant, Allstate Insurance Company (Allstate), appeals the judgment of the trial court condemning it in solido with Hartford Accident & Indemnity Company (Hartford), for damages sustained by plaintiffs in an automobile accident. The prime question concerns apportionment of damages between Allstate and Hartford by virtue of “other insurance” clauses contained in each insurer’s policy, and certain other provisions included in Hartford’s policy which Allstate contends should apportion damages 4%oths to Hartford and %oth to Allstate. We reduce the award to Mr. Thompson, and otherwise affirm the judgment of the trial court which cast each insurer in solido and in equal proportions.
On April 8, 1966, Autry Harrison, while driving a U-Haul truck in Bogalusa, Louisiana, negligently drove the vehicle into the rear of a pick-up truck owned and being operated by plaintiff, Benny Thompson. The U-Haul truck had been rented by Harrison from the U-Haul Company, the named insured of Hartford. Harrison’s personally owned vehicle was insured by Allstate. As a result of the collision, Mr. Thompson sustained personal injuries and damages to his truck. Mrs. Thompson, guest passenger in her husband’s vehicle, sustained personal injuries.
Plaintiffs sued Harrison, U-Haul and their respective insurers, Allstate and Hartford. Harrison and Allstate third partied Hartford and U-Haul. Hartford third partied Allstate. It is stipulated that Harrison was solely at fault; that Mr. and Mrs. Thompsons’ special damages were $573.56 and $362.36, respectively; that the deposition of Dr. L. L. Lancaster and the records of Bogalusa Medical Center, introduced in evidence, are to be considered as evidence, and that Harrison had rented the U-Haul truck for one day.
The trial court granted Mr. Thompson damages in the sum of $750.00 for personal injuries in addition to his stipulated special damages. Mrs. Thompson was granted damages in the amount of $2,000.00 for personal injuries, plus her agreed special damages. Mrs. Thompson died subsequent to rendition of judgment. Her surviving children and heirs, namely, Benny Thompson, Mary Sue Thompson, Patricia Thompson Vampran, Betty Lou Thompson Longo, and William Richard Thompson, were substituted parties plaintiff in her stead.
Allstate and Harrison maintain the trial court erred in not holding Hartford solely liable as a primary insurer. Alternatively, these appellants contend liability should be prorated 4%oths to Hartford whose coverage is allegedly $500,000.00, and Jéoth to *713 Allstate whose maximum coverage is $10,-000.00. In the further alternative, appellants contend the awards for personal injuries are excessive.
Plaintiff did not appeal independently. Plaintiffs’ brief contains a prayer for an increase in the awards granted for personal injuries, and makes reference to an alleged answer to appellants’ appeal. However, no answer to appellants’ appeal appears of record. Under the circumstances, no consideration can be given to the possibility of an increase in the awards granted plaintiffs. An appellee who wishes relief against appellant must either take his own appeal or answer appellant’s appeal. LSA-C.C.P. art. 2133. U-Haul and Hartford neither appealed nor answered the appeal of Allstate and Harrison.
We initially consider appellants’ contention that the awards for personal injuries were excessive. Dr. Lancaster first saw Mrs. Thompson on April 8, 1968, at which time she was found to be suffering from strain of her posterior cervical neck muscles causing severe pain on forward, posterior and lateral neck motion. Muscle spasm was detected in the right and left posterior cervical area. Dr. Lancaster diagnosed the condition as acute bilateral posterior cervical strain and committed Mrs. Thompson to the hospital on April 8, 1966, where she remained until April 16, 1966. On April 13, 1966, the patient suffered from depression manifest by crying spells. Muscle relaxants, analgesics and parafon with codeine were prescribed and administered, together with diathermy treatments during the period of hospitalization. Subsequent to her discharge on April 16, 1966, Mrs. Thompson was seen by Dr. Lancaster on April 23, 26, 27, 28, 29, and May 2, 6 and 9, in his office. During this interval out-patient treatment consisted of muscle relaxants, mild analgesics and parafon forte. On the last visit the patient complained of slight pain, but nevertheless requested her discharge. Dr. Lancaster noted that the patient had a pre-existing arthritic condition in the area of the injury, which condition was aggravated by the injury. Dr. Lancaster noted that Mrs. Thompson was being treated by another physician prior to the accident in question for numerous calcium deposits of the musculature and joints of the upper extremity and over her entire body. X-rays revealed calcified cervical nodes and heavy calcification in the upper cervical vertebrae area, which condition was unrelated to the accident. Dr. Lancaster was of the opinion that this condition was aggravated by the accident. He was also of the opinion that Mrs. Thompson would suffer pain from the accident for several months following her medical discharge.
Dr. Lancaster treated plaintiff, Benny Thompson, for the first time on Appl 11, 1966. He found Mr. Thompson suffering from contusion and muscle strain of the right shoulder muscles resulting in complaints of pain and soreness in the right shoulder. Deep heat, muscle relaxants and analgesics were prescribed for the condition noted. Mr. Thompson was seen on two subsequent occasions, namely, April 12 and 25, 1966, on which latter date plaintiff stated he was fully recovered.
It is settled law that a trial court’s award of damages for personal injuries will not be disturbed unless found to be an abuse of the much discretion vested in the court in such matters. Ballard et ux. v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64. Considering Mrs. Thompson suffered an acute cervical strain necessitating hospitalization for 9 days and resulting in continued pain over a period of several months, we do not find the award of $2,000.00 excessive in her case.
Mr. Thompson suffered only from a sore shoulder which condition lasted less than two weeks. His cure involved only two office visits for therapy. We find that an award of $750.00 for such minor injuries is clearly excessive and constitutes an abuse of the trial court’s discretion in this respect. We feel that Mr. Thompson will be ade *714 quately compensated by an award of $400.00.
Allstate’s contention that it should be absolved from liability or its liability limited to %oth of the judgments rendered is based on the coverage provisions of its own as well as Hartford’s policy. Both policies contain “other insurance” clauses which seek to limit liability if other coverage is available.
The “other coverage” provision of Allstate’s policy states:
“If the insured has other insurance against a loss covered by Part 4 of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss, provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.”
Hartford’s “other insurance” clause reads as follows:
“5. Condition 1. Limits of Liability — • Coverage A, and Condition 2. Limits of Liability — Coverage C are made subject to the following provision:
Provided that with respect to a person described as insured under sub-paragraph (3) of Insuring Agreement III — Definition of Insured — and any person or organization described in sub-paragraph (2) of Insuring Agreement III — Definition of Insured,
(i) the applicable limit of company’s liability shall be the amount by which (1) the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state which is applicable with respect to the accident exceeds (2) the sum of the applicable limits of liability under all other valid and collectible insurance available to the insured and
(ii) the insurance under this policy shall not apply to any loss with respect to which the insured has other valid and collectible insurance unless the total amount of the loss exceeds the sum of the limits of liability of all other policies affording such other insurance and the company shall then be liable, subject to clause (i) foregoing only for the excess.”
The above quoted clause in Allstate’s policy provides that the coverage afforded shall be excess insurance when the insured is driving a vehicle he does not own, provided there is other valid insurance covering the non-owned vehicle. Similarly, Hartford’s policy also declares that if other valid and collectible insurance exists, Hartford’s coverage shall extend only to such liability as exceeds such other insurance. Obviously, the clauses are in direct and irreconcilable conflict. If each policy provision were strictly enforced, neither would afford coverage.
In Graves, et al. v. Traders and General Insurance Company, La.App., 200 So.2d 67, we considered at length the question of conflicting “other insurance” clauses in matters of this nature. We noted in Graves, above, that there is no way to reconcile such clauses where each policy, standing alone, can afford primary protection, but nevertheless contains a provision which attempts to subordinate its coverage to that of another primary insurer.
We declared in Graves, above, that mutually repugnant “excess insurance” clauses must be stricken as ineffectual. In so holding, we declared:
“In our judgment double coverage policies providing primary protection attended by mutually repugnant ‘excess’ or ‘escape’ clauses must both be regarded as primary insurers on the theory that the clauses being irreconcilable must be deemed ineffectual. We so believe because we have found no decision and have been able to formulate no logically acceptable rule by which under such circumstances one policy may be deemed *715 ‘other collectible insurance’, thus giving effect to its ‘excess’ or ‘escape’ clause while at the same time the protection which it affords is held to not constitute ‘other collectible insurance’ within the import of a similar provision of the policy with which it is confronted.”
The Supreme Court granted writs in Graves, above, and affirmed our ruling with respect to conflicting “other insurance” clauses. See Graves v. Traders & General Insurance Company, et al., 252 La. 709, 214 So.2d 116. Graves, above, is clearly applicable and therefore controlling in this instance from which it follows that these mutually repugnant provisions are rendered ineffectual.
Liability in Graves, above, was apportioned by this court between the insurers pursuant to the pro rata clauses of each policy fixing liability in proportion to the ratio that each policy coverage bore to total available coverage. The Supreme Court reversed in this respect on the ground that a further provision in Travelers’ policy limited its coverage when “any other person” described as an insured was driving the insured vehicle. In this regard, the Supreme Court noted that in such instances, Travelers’ policy expressly stated that when “any other person” described as an insured is driving the insured vehicle, the applicable limit of liability shall be the amount by which the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state exceeds'the sum of applicable limits of liability under all other valid and collectible insurance available to the insured. The exact same provision is contained in Hartford’s policy, and consequently, must be given effect in this instance.
Provision 4 of Hartford’s policy is as follows:
“4. The first sentence of Insuring Agreement III — Definition of Insured, is amended to read: III. — Definition of Insured : With respect to the insurance for Bodily Injury Liability and for Property Damage Liability the unqualified word ‘insured’ includes
(1) the named insured and, if the named insured is an individual, his spouse if a resident of the same household,
(2) any employee, director or stockholder of the named insured, any partner therein and any resident of the same household as the named insured, such employee, director, stockholder or partner,
(3) any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state which is applicable with respect to the accident out of which claim arises, is available to such person,
(4) any other person or organization but only with respect to his or its liability because of acts or omissions of the named insured or of an insured under paragraph (3) above;
provided the actual use of the automobile is with the permission of the named insured and within the scope of such permission.
The Supreme Court decision in Graves, above, is squarely in point. In this instance Paragraph 5 (ii) of Hartford’s policy contains the ineffectual “other insurance” clause. Paragraph 5(i) thereof contains the limitation of liability provision which must be given effect. Under Hartford’s policy, if an insured is covered under paragraph (3) of Insuring Agreement III, above, namely, an insured other than the named insured or an employee, director or stockholder of the named insured, coverage is governed by Paragraph 5(i). Since Harrison was neither the named insured, nor an employee, director or stockholder of the named insured, he must be deemed an insured as defined in Paragraph 4(3). As such, coverage is extended to him pursuant *716 to Paragraph 5(i), which establishes limits in the equivalent of those provided in our Motor Vehicle Responsibility Law, which are $5,000/$10,000/$1,000. See LSA-R.S. 32:872(C) (4). In Graves, above, the Supreme Court expressly upheld such a limitation of liability upon the finding that limitation of the insurer’s liability to the applicable minimum limits provided in our Motor Vehicle Responsibility Law does not produce an ambiguity and is not contradicted by a pro rata clause similar to that contained in Hartford’s policy in this instance. In so determining, the Supreme Court in Graves, above, noted as follows:
“The principal consideration in the interpretation of insurance policies is to ascertain the intention of the parties from the language of the contracts. Where these agreements are legally entered into, they have the effect of laws on the parties. La.Civil Code art. 1901. Thus, when the words of the contract are clear and explicit and lead to no absurd consequence, the courts may not alter them. La.Civil Code art. 1945. And when a clause is susceptible to two interpretations, it must be understood in that in which it may have some effect, rather than in a sense which would render it nugatory. La.Civil Code art. 1951.”
Following the foregoing excerpt in Graves, above, the court concluded that effect must be given the clause limiting the insurer’s liability to that provided in the Motor Vehicle Responsibility Law of this state, and apportioned liability between the two insurers accordingly.
It is of the utmost significance that, in this instance, Allstate’s policy contains no limitation of liability to the limits afforded by our Motor Vehicle Responsibility Law as does Hartford’s policy. Allstate’s policy provides only that the insurer shall be liable on a pro rata basis, not to exceed its stated limits of $10,000/$40,000/$10,000.
Under the ruling in Graves, above, which we deem dispositive of the case at hand, liability in this instance for damages for bodily injuries should be apportioned in that ratio which $10,000 bears to $5,000 because Allstate’s coverage is $10,000 per person whereas Hartford’s is $5,000. For the same reason, liability for property damages in this instance should be apportioned in that ratio which $10,000 bears to $1,000 because Allstate’s coverage is $10,000 for property damage while Hartford’s coverage is $1,000.00. As previously noted, Hartford and U-Haul did not appeal, neither did they answer the appeal taken by Allstate and Harrison. Under the circumstances, the judgment of the trial court may not be amended in favor of either Hartford or U-Haul, and the judgment apportioning liability equally between Allstate and Hartford must stand. LSA-C.C.P. art. 2133.
Allstate urges that inasmuch as Hartford’s policy was written on vehicles intended for lease and a renter pays a premium for the coverage extended, Hartford should be considered the prime insurer. The answer to this contention is that irrespective of the premium paid, Hartford’s policy provides that the “other insurance” afforded Harrison under the circumstances would be limited by the provisions of Paragraph 4(3), which, in this instance, is indistinguishable in effect from the similar provision involved in Graves, above.
It is ordered, adjudged and decreed that the judgment in favor of plaintiff, Benny Thompson, against defendants for personal injuries in the sum of $750.00, is amended by reducing said amount to $400.00, and that, in all other respects, the judgment is affirmed. All costs in the trial court shall be paid by defendants, Allstate and Hartford, in equal proportion; all costs of appeal to be paid by defendant, Allstate.
Amended and rendered.